Leroy JONES, Ani Ebong; Rowland Nwankwo; Girma Molalegne; Quick Pick Cabs, Inc.; Oscar S. Tillman, Reverend, Plaintiffs–Appellants,

v.

Robert TEMMER, Christine Alvarez, Vincent Majkowski, acting in their official capacities as members of the Colorado Public Utilities, Defendants–Appellees.

No. 93–1331.

United States Court of Appeals, Tenth Circuit.

June 13, 1995.

William H. Mellor III of Institute for Justice, Washington, DC (Clint Bolick, Dirk G. Roggeveen, and Scott G. Bullock of Institute for Justice, Washington DC; and Paula M. Connelly of Gorsuch, Kirgis, Campbell, Walker and Grover, Denver, CO, with him on the brief), for plaintiffs-appellants.

Mana L. Jennings–Fader, Asst. Atty. Gen., Regulatory Law Section (Gale A. Norton, Atty. Gen., and Jeffery A. Froeschle, Asst. Atty. Gen., Regulatory Law Section, with her on the brief), Denver, CO, for defendants-appellees.

Before SEYMOUR, Chief Judge, ANDERSON, and SHADUR,* District Judge.

SEYMOUR, Chief Judge.

Plaintiffs brought this civil rights action under 42 U.S.C. § 1983 against members of the Colorado Public Utilities Commission challenging the Commission's regulation of taxicab companies in the Denver metropolitan area pursuant to the then-governing state statutory scheme. *See* Colo.Rev.Stat. §§ 40–10–101 to –120 (1993 repl. vol.). The district court ruled in favor of defendants and plaintiffs appealed. While the appeal was pending, the Colorado legislature passed a new law amending a portion of the statutory scheme upon which plaintiffs' constitutional challenge was based. Plaintiffs now move this court to dismiss the appeal as moot and to vacate the district court's earlier opinion and order. Defendants contend that the appeal is not moot and oppose the motion to vacate. We conclude that the appeal is indeed moot, and we vacate the lower court's opinion.

## I.

Plaintiffs include four residents of Denver who desire to open a taxicab company that would serve the Denver metropolitan area and a Denver resident who wishes to use the services that this company would provide. In their amended complaint, plaintiffs alleged that it was impossible for a new taxicab company to obtain the required certificate of public convenience and necessity under the doctrine of regulated monopoly in place under the state statutes as they then existed. Plaintiffs asserted infringement of various rights under the Fourteenth Amendment. While this appeal was pending, the Colorado General Assembly passed an act that amended the prior law by replacing the doctrine of regulated monopoly with that of regulated competition in counties with a population of 60,000 or more. *See* Colo.Rev.Stat. 40–10–105(2)(a) (1994 cum. supp.).

Plaintiffs argue that the new law renders their appeal moot. They note that their amended complaint alleged constitutional violations arising from the insurmountable barriers to entry into the taxicab market in Denver created by the doctrine of regulated monopoly. They contend that the new law removes these barriers with respect to them and thus moots their appeal. "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy.... [A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975).

Defendants raise several unpersuasive arguments to support their contention that the appeal is not moot. They assert that the new law does not address the claim for relief made by the one plaintiff who wished to use the company provided by the other plaintiffs. However, this claim clearly challenged the operation of the prior law in imposing barriers to plaintiffs' entry into the Denver taxicab market.

Defendants also assert that the appeal is not moot because the new law only applies to

---

* Honorable Milton I. Shadur, United States District Court for the Northern District of Illinois, sitting by designation.

counties with a population of 60,000 or more. It is clear from the amended complaint, however, that plaintiffs only challenged the operation of the old law as it affected their ability to enter the taxicab market in the Denver metropolitan area, an area clearly within a county to which the new act applies.

Defendants next argue that the appeal is not moot because plaintiffs alleged that anything less than complete deregulation of the taxicab industry was unconstitutional and the new law does not completely deregulate. This argument mischaracterizes plaintiffs' claim. Plaintiffs only alleged constitutional violations flowing from the doctrine of regulated monopoly as applied to them and sought an injunction prohibiting enforcement of the old doctrine in an unreasonable manner. They did not seek complete deregulation, nor was it compelled by the nature of their challenge.

Defendants contend a live controversy exists because plaintiffs alleged that the administrative process under the old law lacked meaningful criteria to guide discretionary decisions. Defendants point out that certificates under the new law are also a matter of discretion. Plaintiffs have not suffered any injury as a result of defendants' exercise of discretion under the new law, and any such injury would result in a different claim under different facts.

▮ Finally, defendants assert that the claims are not moot because the Colorado legislature remains free to reinstate the old law at a later date. We view this possibility as too conjectural and speculative to avoid a finding of mootness. *See Anderson v. Green,* — U.S. —, —, 115 S.Ct. 1059, 1060, 130 L.Ed.2d 1050 (1995) (per curiam).

## II.

▮ Having determined that the appeal is moot, we turn to plaintiffs' request that we vacate the lower court's opinion. The leading case on vacatur is *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). There the Court approved the procedure of vacating the judgment below and remanding with directions to dismiss in order to eliminate "a judgment, review of which was prevented through happenstance." *Id.* at 39–40, 71 S.Ct. at 106–07. The Supreme Court revisited *Munsingwear* in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* — U.S. —, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). The Court "[stood] by *Munsingwear*'s dictum that mootness by happenstance provides sufficient reason to vacate," *id.* at — n. 3, 115 S.Ct. at 391 n. 3, stating that "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment," *id.* at —, 115 S.Ct. at 391. The Court further pointed out that the pivotal issue is "whether the party seeking relief from the judgment below caused the mootness by voluntary action." [1] *Id.*

It is clear that mootness here resulted not from any voluntary action by plaintiffs but rather from circumstances beyond plaintiffs' control and for which they were not responsible. Accordingly, plaintiffs are entitled to vacatur under *U.S. Bancorp.* *See also Anderson,* — U.S. at — – —, 115 S.Ct. at 1060–61 (party seeking relief from judgment entitled to vacatur under *U.S. Bancorp* when mootness not caused by its voluntary action); *Associated Gen. Contractors v. City of New Haven,* 41 F.3d 62, 67–68 (2d Cir. 1994) (same).

We DISMISS the appeal as moot. The district court opinion is vacated, and the case is remanded with instructions to dismiss.

---

1. We therefore reject out of hand defendants' argument that vacatur should be denied because of an asserted "governmental interest" in having the lower court opinion available as precedent. The Supreme Court has never indicated that such an interest is a factor to be considered in the treatment of moot cases. Rather, the Court has stated that "[f]rom the beginning we have disposed of moot cases in the manner ' "most consonant to justice" ... in view of the nature and character of the conditions which have caused the case to become moot.' " *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* — U.S. —, —, 115 S.Ct. 386, 391, 130 L.Ed.2d 233 (1994) (citations omitted).