F I L E D
**United States Court of Appeals
Tenth Circuit**

**APR 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SYDNEY B. SPIEGEL and
VICTOR C. PEMBERTON; LABOR
PARTY OF WYOMING

       Plaintiffs-Appellants,

v.

THE STATE OF WYOMING; JIM
GERINGER, in his official capacity as
Governor of the State of Wyoming;
and DIANA J. OHMAN, in her
official capacity as Secretary of State
of the State of Wyoming,

       Defendants-Appellees.

No. 96-8068
(D.C. No. 96-CV-1028)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In this declaratory judgment action, plaintiffs challenge the constitutionality of the Wyoming Election Code's requirement that a new political party seeking access to that state's general election ballot gather, within a one-year time period, the signatures of 8,000 registered voters by May 1 preceding the general election. See Wyo. Stat. Ann. § 22-4-402 (1992). The district court entered judgment in defendants' favor, following a bench trial.

We take judicial notice that, while this appeal was pending, the Wyoming legislature amended § 22-4-402 to provide that a new party must obtain the requisite 8,000 signatures during a fourteen-month period ending June 1 preceding the general election. See id., § 22-4-402(a), (e) (effective July 1, 1997); see generally United States v. Coffman, 638 F.2d 192, 194 (10th Cir. 1980) (courts may take judicial notice of statutes). The amendment of § 22-4-402 renders this appeal moot. See Jones v. Temmer, 57 F.3d 921, 922-23 (10th Cir. 1995); see also National Adver. Co. v. City & County of Denver, 912 F.2d 405, 411-12 (10th Cir. 1990) (declaratory judgment on validity of repealed ordinance is "textbook example" of advisory opinion unavailable in federal court).

2

Because the mootness of this appeal was not the result of any voluntary action on the part of plaintiffs, however, we vacate the district court's decision and remand with instructions to dismiss the action. See Jones, 57 F.3d at 923; see also U. S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 25 (1994) (party who seeks review of merits of adverse ruling, but who is frustrated by unilateral action of party prevailing below resulting in appeal becoming moot, ought not be forced to acquiesce in judgment).

We, therefore, DISMISS this appeal as moot. The district court's decision is VACATED and REMANDED with instructions to dismiss.

Entered for the Court

Robin J. Cauthron
District Judge

3