UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES R. FOWLER, a/k/a Charles R. Fowler, Sr.; VIRGINIA LEE MICKLE, f/k/a Virginia L. Fowler,

     Defendants-Appellants,

   and

COMMISSIONERS OF THE LAND OFFICE, sued as State of Oklahoma ex rel.; GRADY COUNTY TREASURER; GRADY COUNTY BOARD OF COUNTY COMMISSIONERS; THE FARM CREDIT BANK OF WICHITA; J. M. JACKSON,

     Defendants.

No. 97-6241

---

ORDER

Filed July 27, 1998

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Plaintiff-appellee United States of America has filed a petition for rehearing of the order and judgment filed June 5, 1998. Upon consideration thereof, the petition is granted, and the order and judgment filed June 5, 1998, is withdrawn. The attached order and judgment is substituted in its place.

Entered for the Court
Patrick Fisher, Clerk

By:

Keith Nelson
Deputy Clerk

# F I L E D
United States Court of Appeals
Tenth Circuit

**JUL 27 1998**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES R. FOWLER, a/k/a Charles
R. Fowler, Sr.; VIRGINIA LEE
MICKLE, f/k/a Virginia L. Fowler,

Defendants-Appellants,

and

COMMISSIONERS OF THE LAND
OFFICE, sued as State of Oklahoma
ex rel.; GRADY COUNTY
TREASURER; GRADY COUNTY
BOARD OF COUNTY
COMMISSIONERS; THE FARM
CREDIT BANK OF WICHITA; J. M.
JACKSON,

Defendants.

No. 97-6241
(D.C. No. CIV-96-1018-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

The federal government filed suit to collect on notes in default held by the Farm Service Agency (FSA), formerly the Farmers Home Administration, and to foreclose on the farm of defendants-appellants Charles R. Fowler and Virginia Lee Mickle, which served as collateral for the notes.[1]  Subsequently, the government sought partial summary judgment against appellants.  Appellants did not deny owing the debt; rather, they argued the action should be stayed due to a United States Department of Agriculture (USDA) suspension of foreclosures in cases with pending complaints of discrimination.  The district court rejected their argument and entered partial summary judgment in favor of the government.  The district court held that because the notes had been referred to the United States Attorney for foreclosure and collection and the United States Attorney had filed a

---

[1]     The other defendants, who are not parties to this appeal, claim liens on the farm.

-2-

complaint before the USDA issued its suspension policy, the USDA's policy suspending foreclosure sales did not affect this action. Appellants appealed.

First, we must consider whether we have jurisdiction to consider this appeal. The government moved to dismiss the appeal for lack of jurisdiction because the district court had not adjudicated all claims against all parties when appellants filed their notice of appeal and because the district court's order granting partial summary judgment did not comply with the requirements of Fed. R. Civ. P. 54(b). Subsequently, the district court entered an order certifying the order appealed from as immediately appealable pursuant to Rule 54(b). See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988). Accordingly, we deny the government's motion to dismiss.

The next jurisdictional issue we must consider is mootness. Although the government has not challenged our appellate jurisdiction on mootness grounds, we consider the issue of mootness sua sponte. See McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996); see also Golfland Entertainment Ctrs., Inc. v. Peak Inv., Inc. (In re BCD Corp.), 119 F.3d 852, 856 (10th Cir. 1997) ("We address the issue of mootness as a threshold question because in the absence of a live case or controversy, we have no subject-matter jurisdiction over an appeal.").

"'The exercise of judicial power under Art. III of the Constitution depends

on the existence of a case or controversy. . . . [A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them.'" Jones v. Temmer, 57 F.3d 921, 922 (10th Cir. 1995) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (further quotation omitted)).  Thus, a live case or controversy must exist at all stages of federal proceedings.  See McClendon, 100 F.3d at 867.

After the district court ruled, but before appellants filed their notice of appeal, the Office of Civil Rights of the USDA reviewed Mr. Fowler's claims of discrimination, determined that there was no evidence of discrimination, and advised that the FSA should not delay any further processing.[2]  See Supplemental App. of Appellee at 8.[3]  Based on the evidence presented by appellants, the USDA intends to resume foreclosure sales after an individual case is reviewed and the review shows no discrimination.  See App. of Appellants at 41; see also Supplemental App. of Appellee at 6 ("This foreclosure suspension is effective

[2]     Appellants stated in their brief that Mr. Fowler's discrimination claim perhaps was pending as of October 21, 1997.     See Appellants' Br. at 7 ("His discrimination claim was still being processed as of October 21, 1997.  If this claim is still ongoing . . . .").  The memorandum from the Office of Civil Rights was dated June 30, 1997.  Appellants did not file a reply brief rebutting this evidence.

[3]     Although this evidence was not part of the district court's record, it need not be stricken because mootness concerns events occurring after the district court rendered its decision.     See Southern Utah Wilderness Alliance v. Smith     , 110 F.3d 724, 729 (10th Cir. 1997).

until further guidance is provided by the National Office.").

The agency's determination of Mr. Fowler's discrimination claim therefore moots the controversy between appellants and the government. Thus, we must refrain from exercising jurisdiction as no live case or controversy remains. See Green v. Branson, 108 F.3d 1296, 1299 (10th Cir. 1997). Any "past exposure to alleged illegal conduct does not establish a present live controversy" since there are no "continuing present effects." McClendon, 100 F.3d at 867. Accordingly, we dismiss this appeal as moot since it is impossible to grant appellants effective relief. See Johnson v. Board of County Comm'rs, 85 F.3d 489, 492 (10th Cir.), cert. denied, 117 S. Ct. 611 (1996). Because mootness occurred due to circumstances beyond appellants' control, they are entitled to have the district court's order vacated insofar as it rejected their stay argument and determined the USDA's suspension policy did not apply to this case. See Southern Utah Wilderness Alliance v. Smith, 110 F.3d 724, 725, 730 (10th Cir. 1997) (vacating part of district court's judgment relating to particular claim and remanding with directions that claim be dismissed); McClendon, 100 F.3d at 868 (remanding to district court to vacate parts of orders).

For the first time on appeal, appellants argue that if the discrimination policy only applies to black farmers, Mr. Fowler's equal protection rights have been violated. Also, for the first time on appeal, they argue the merits of Mr.

Fowler's discrimination claim. We will not consider these new arguments. <u>See</u> <u>Walker v. Mather (In re Walker)</u>, 959 F.2d 894, 896 (10th Cir. 1992).

This appeal is DISMISSED as moot. We REMAND this case to the district court with directions to vacate the portion of its order addressing appellants' request for a stay. The government's motion to dismiss for lack of jurisdiction is DENIED. The new evidence presented for the first time on appeal by appellants is stricken. <u>See</u> <u>United States v. Farnsworth</u>, 92 F.3d 1001, 1009 n.5 (10th Cir.), <u>cert. denied</u>, 117 S. Ct. 596 (1996).

Entered for the Court

David M. Ebel
Circuit Judge

-6-

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CHARLES R. FOWLER, a/k/a Charles
R. Fowler, Sr.; VIRGINIA LEE
MICKLE, f/k/a Virginia L. Fowler,

      Defendants-Appellants,

    and

COMMISSIONERS OF THE LAND
OFFICE, sued as State of Oklahoma
ex rel.; GRADY COUNTY
TREASURER; GRADY COUNTY
BOARD OF COUNTY
COMMISSIONERS; THE FARM
CREDIT BANK OF WICHITA; J. M.
JACKSON,

      Defendants.

No. 97-6241
(D.C. No. CIV-96-1018-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [****]

---

[****]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.   See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

The federal government filed suit to collect on notes in default held by the Farm Service Agency (FSA), formerly the Farmers Home Administration, and to foreclose on the farm of defendants-appellants Charles R. Fowler and Virginia Lee Mickle, which served as collateral for the notes. [1]  Subsequently, the government sought partial summary judgment against appellants.  Appellants did not deny owing the debt; rather, they argued the action should be stayed due to a United States Department of Agriculture (USDA) suspension of foreclosures in cases with pending complaints of discrimination.  The district court rejected their argument and entered partial summary judgment in favor of the government.  The district court held that because the notes had been referred to the United States Attorney for foreclosure and collection and the United States Attorney had filed a

---

[1]     The other defendants, who are not parties to this appeal, claim liens on the farm.

complaint before the USDA issued its suspension policy, the USDA's policy suspending foreclosure sales did not affect this action. Appellants appealed.

First, we must consider whether we have jurisdiction to consider this appeal. The government moved to dismiss the appeal for lack of jurisdiction because the district court had not adjudicated all claims against all parties when appellants filed their notice of appeal and because the district court's order granting partial summary judgment did not comply with the requirements of Fed. R. Civ. P. 54(b). Subsequently, the district court entered an order certifying the order appealed from as immediately appealable pursuant to Rule 54(b). See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988). Accordingly, we deny the government's motion to dismiss.

The next jurisdictional issue we must consider is mootness. Although the government has not challenged our appellate jurisdiction on mootness grounds, we consider the issue of mootness sua sponte. See McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996); see also Golfland Entertainment Ctrs., Inc. v. Peak Inv., Inc. (In re BCD Corp.), 119 F.3d 852, 856 (10th Cir. 1997) ("We address the issue of mootness as a threshold question because in the absence of a live case or controversy, we have no subject-matter jurisdiction over an appeal.").

"'The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy. . . . [A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them.'" Jones v. Temmer, 57 F.3d 921, 922 (10th Cir. 1995) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (further quotation omitted)). Thus, a live case or controversy must exist at all stages of federal proceedings. See McClendon, 100 F.3d at 867.

After the district court ruled, but before appellants filed their notice of appeal, the Office of Civil Rights of the USDA reviewed Mr. Fowler's claims of discrimination, determined that there was no evidence of discrimination, and advised that the FSA should not delay any further processing. [2] See Supplemental App. of Appellee at 8. [3] Based on the evidence presented by appellants, the USDA intends to resume foreclosure sales after an individual case is reviewed and the review shows no discrimination. See App. of Appellants at 41; see also

---

[2] Appellants stated in their brief that Mr. Fowler's discrimination claim perhaps was pending as of October 21, 1997. See Appellants' Br. at 7 ("His discrimination claim was still being processed as of October 21, 1997. If this claim is still ongoing . . . ."). The memorandum from the Office of Civil Rights was dated June 30, 1997. Appellants did not file a reply brief rebutting this evidence.

[3] Although this evidence was not part of the district court's record, it need not be stricken because mootness concerns events occurring after the district court rendered its decision. See Southern Utah Wilderness Alliance v. Smith, 110 F.3d 724, 729 (10th Cir. 1997).

-4-

Supplemental App. of Appellee at 6 ("This foreclosure suspension is effective until further guidance is provided by the National Office.").

The agency's determination of Mr. Fowler's discrimination claim therefore moots the controversy between appellants and the government. Thus, we must refrain from exercising jurisdiction as no live case or controversy remains. See Green v. Branson, 108 F.3d 1296, 1299 (10th Cir. 1997). Any "past exposure to alleged illegal conduct does not establish a present live controversy" since there are no "continuing present effects." McClendon, 100 F.3d at 867. Accordingly, we dismiss this appeal as moot since it is impossible to grant appellants effective relief. See Johnson v. Board of County Comm'rs, 85 F.3d 489, 492 (10th Cir.), cert. denied, 117 S. Ct. 611 (1996). Because mootness occurred due to circumstances beyond appellants' control, they are entitled to have the district court's decision vacated and the case remanded with instructions to dismiss. See McClendon, 100 F.3d at 868; Jones, 57 F.3d at 923.

For the first time on appeal, appellants argue that if the discrimination policy only applies to black farmers, Mr. Fowler's equal protection rights have been violated. Also, for the first time on appeal, they argue the merits of Mr. Fowler's discrimination claim. We will not consider these new arguments. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

This appeal is DISMISSED as moot.  The district court's opinion is VACATED, and the case is REMANDED with instructions to dismiss.  The government's motion to dismiss for lack of jurisdiction is DENIED.  The new evidence presented for the first time on appeal by appellants is stricken.  See United States v. Farnsworth, 92 F.3d 1001, 1009 n.5 (10th Cir.), cert. denied, 117 S. Ct. 596 (1996).

Entered for the Court


David M. Ebel
Circuit Judge