203 F.3d 176 (2nd Cir. 2000)
 HOUSING WORKS, INC., Plaintiff-Appellee,
v.
CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES (DHS), MARTIN OSTERREICH, Commissioner of DHS; SUSAN WIVIOTT, Associate Commissioner of DHS; JOHN/JANE DOES # 1-10, Defendants-Appellants,
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD); and ANDREW CUOMO, Secretary of HUD, Defendants.
 Docket No. 99-9362
August Term, 1999
 UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
 Argued: Jan. 10, 2000
Decided: Feb. 10, 2000
 
 Interlocutory appeal from an order of the United States District Court for the Southern District of New York (Allen G. Schwartz, Judge) granting preliminary injunctive relief to appellant concerning the City's ranking of its application to the Department of Housing and Urban Development for funding of two of its projects. See Housing Works, Inc. v. City of New York, 72 F. Supp. 2d 402, 433 (S.D.N.Y. 1999). The appeal is dismissed as moot.
 Judge Jacobs files a concurring opinion.
 MATTHEW D. BRINCKERHOFF, Emery Cuti Brinckerhoff & Abady PC (David H. Gans, of counsel), New York, New York, for Plaintiff-Appellee.
 ALAN BECKOFF, Assistant Corporation Counsel (Michael D. Hess, Corporation Counsel of the City of New York; Stephen J. McGrath, Bob Bailey, Naomi Sheiner, Assistant Corporation Counsels, of counsel), New York, New York, for Defendants-Appellants.
 MEREDITH E. KOTLER, Assistant United States Attorney (Mary Jo White, United States Attorney for the Southern District of New York, of counsel), New York, New York, for Defendant United States Department of Housing and Urban Development.
 Before: WINTER, Chief Judge, JACOBS and CALABRESI, Circuit Judges.
 Judge JACOBS files a concurring opinion.
 PER CURIAM:
 
 
 1
 This is an appeal from a preliminary injunction entered by Judge Schwartz at the request of Housing Works, Inc. ("HW"). The issue arises from HW's 1999 applications for the funding of two projects by the Department of Housing and Urban Development ("HUD"). Many such applications from various organizations were made to HUD, and funding turned upon the rank given each project by appellants (collectively, the "City"). The City ranked HW's applications 57th and 60th, and, when this action began, it appeared that funds would not be available for projects with that low a rank. Finding that the unfavorable ranking was an act of retaliation by the City against HW for its engaging in constitutionally protected political activity critical of the City administration, Judge Schwartz ordered the City to re-rank the projects from 57th and 60th to 30th and 33rd, respectively. See Housing Works, Inc. v. City of New York, 72 F. Supp. 2d 402, 433 (S.D.N.Y. 1999).
 
 
 2
 The City moved for a stay pending appeal in the district court, which was denied. See Housing Works, Inc. v. City of New York, No. 99 Civ. 8975, 1999 WL 1044352, at *2 (S.D.N.Y. Nov. 18, 1999). When the City thereafter sought a stay in this court, we denied the motion but expedited the appeal. The City then complied with the district court's order and re-ranked HW's projects as ordered by Judge Schwartz. Moreover, HUD took from the City responsibility for administering the 1999 funds and for ranking 2000 applications.
 
 
 3
 Just prior to oral argument, HUD announced the funding of both HW projects based on the court-ordered re-ranking. In addition, the total 1999 funding was approximately $6 million more than had been anticipated, and HW's projects would have been funded even if the City's rankings had not been changed as ordered by the district court.
 
 
 4
 Accordingly, the parties agree that the appeal is moot. See Dennin v. Connecticut Interscholastic Athletic Conference Inc., 94 F.3d 96, 100 (2d Cir. 1996) ("An appeal becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam))); cf. Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir. 1998) ("In general, an appeal from the denial of a preliminary injunction is mooted by the occurrence of the action sought to be enjoined."), cert. denied, 119 S. Ct. 1805 (1999).
 
 
 5
 The issue now disputed by the parties is whether we should vacate the district court's preliminary injunction and its November 12, 1999 opinion. We are not without power to do so. See Major League Baseball Properties, Inc. v. Pacific Trading Cards, Inc., 150 F.3d 149, 151 (2d Cir. 1998) ("The power to vacate remains vested in an appellate court even if the [appeal] before it becomes moot.") The City contends that the injunction and opinion should be vacated. HW opposes vacatur.
 
 
 6
 Our caselaw has established no clear rule as to when we should vacate a moot preliminary injunction entered in a case where other claims and issues in the case remain to be decided by the district court. Compare Haley v. Pataki, 60 F.3d 137, 142 (2d Cir. 1995) (vacating injunction after appellant's voluntary compliance with it), with In re Tax Refund Litig., 915 F.2d 58, 59 (2d Cir. 1990) (per curiam) (noting that "usual practice" in case involving interlocutory appeals "is just to dismiss the appeal as moot and not vacate the order appealed from" (quoting Gjertsen v. Board of Election Comm'rs, 751 F.2d 199, 202 (7th Cir. 1984))). As Tax Refund noted, the general practice of federal courts is that, "if the case remains alive in the district court, it is sufficient to dismiss the appeal without directing that the injunction order be vacated." 13A Charles Alan Wright et al., Federal Practice and Procedure 3533.10, at 436 (2d ed. 1984). We follow that practice here.
 
 
 7
 In the present case, the injunction is irrelevant because it no longer affects HUD's 1999 funding disbursements, and HUD is in any event now controlling the administration of such funds and of future funding. Indeed, the injunction here has less effect on the parties than other unreviewable interlocutory orders -- e.g., governing discovery -- that are routinely entered in ongoing litigation. The opinion does no more than any interlocutory ruling accompanied by an opinion with negative observations about a party's case. As in the case of such an opinion, further proceedings in the matter, including an appeal, may either undermine or reinforce it. Our task, the appeal being moot, is to avoid the expression of any view on the merits. That is best done, we believe, by following the usual practice and by treating the outstanding order and opinion as of no present effect and not subject to review, thereby leaving them in place.
 
 
 8
 The letter filed by HUD with this court states that HUD may "reconsider[]" its decision to control further administration of funds for homeless projects in New York City if this court were to "reverse the District Court's factual findings." Although our disposition leaves the outstanding order and opinion in place, we intimate no view on the merits. Thus the district court opinion remains standing, as does (for that matter) an opinion of the Appellate Division, First Department of the Supreme Court of the State of New York, a related case. See Housing Works v. City of New York, 680 N.Y.S.2d 487 (1st Dep't 1999).
 
 
 9
 We therefore dismiss the appeal as moot and take no further action.
 
 
 10
 JACOBS, Circuit Judge, concurring from the majority opinion:
 
 
 11
 I concur entirely in the Court's opinion, including the ruling that under ordinary principles of mootness, our dismissal of the appeal does not effect the vacatur of the district court opinion. I write separately in order to point out, with utmost respect for the district judge, that in the fullness of caution he may wish to consider on remand the vacatur of his own opinion and the passing of this case to another district judge.
 
 
 12
 This case concerns the ranking of two HW projects on a priority funding list of projects that the City of New York submitted to HUD. This appeal was taken from an opinion holding that the City of New York down-ranked the HW projects in retaliation for HW's political opposition to the Mayor rather than because (as is undisputed) the City's computer system reflected that HW had been cited for financial non-responsibility. The district court's preliminary injunction, which required the City to re-rank HW's projects, was rendered moot when HUD funded New York City programs for the homeless at an increased level that obviated the ranking priorities.
 
 
 13
 The decision of HUD that mooted this appeal was made so close to oral argument that the appellate panel was required to thoroughly prepare the case. In the course of my review, I was struck in particular by two findings made by the district court in support of its (preliminary) ruling on the merits:
 
 
 14
 First, the district court relied in part on its finding that the Mayor of New York City has delayed an unusual length of time before deciding HW's appeal from the determination of non-responsibility, and expressly took "judicial notice that, historically, mayors have handled these appeals expeditiously, due to the grave consequences that a determination of non-responsibility has on the finances and vitality of the beleaguered entity." This finding is the only finding that anyone presumed to dislike HW was involved in any way in the decision to down-rank its projects.
 
 
 15
 Second, the district court found that it is "not uncommon" for "under-funded and inadequately financed not-for-profit entities serving the poor" to have accounting deficiencies, including "mis-applying funds to projects, failing to maintain proper records, and . . . derelict[ion] in reporting."
 
 
 16
 Whether or not these findings can possibly be supported by judicial notice, see Fed. R. Evid. Rule 201(b) (limiting judicial notice to facts "not subject to reasonable dispute"); see also International Star Class Yacht Ass'n v. Tommy Hifinger USA, Inc., 146 F.3d 66, 70 (2d Cir. 1998) (noting that "[c]are must be taken that the requisite notoriety exists [and] [e]very reasonable doubt upon the subject should be resolved promptly in the negative") (quoting Brown v. Piper, 91 U.S. 37, 43 (1875)), it appears that in taking judicial notice of such things, the district judge was drawing upon his own experience and service in City government as corporation counsel in the administration of Mayor Edward I. Koch in the early 1980s. In a dispute that bristles with public controversy, as all the filings in this Court emphasize, it may be undesirable for the fact-finding to be done by a judge (i) who was a high-level official in the administration of another Mayor of the City, and (ii) who in the fact-finding process is evidently drawing (via judicial notice) upon his pre-judicial experience in that post. See e.g., 21 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence 5104 at 235 (Supp. 1998) (discussing the "danger that the judge will confuse his own knowledge with judicial notice"); 9 J. Wigmore, Evidence in Trials at Common Law 2569, at 723 (J. Chabourn rev. ed. 1981) ("[T]he judge is not to use from the bench, under the guise of judicial knowledge, that which he knows only as an individual observer outside of court.").
 
 
 17
 For that reason, I invite the district court to consider whether vacatur of the opinion and transfer of this case to another judge may be a prudent course. That is a decision that lies entirely in the sound discretion of the district judge.