F I L E D
United States Court of Appeals
Tenth Circuit

JAN 5 2004

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

RIO GRANDE SILVERY MINNOW,
Hybognathus amarus; SOUTHWESTERN
WILLOW FLYCATCHER (Empidonax
trailii extimus); DEFENDERS OF
WILDLIFE; FOREST GUARDIANS;
NATIONAL AUDUBON SOCIETY;
NEW MEXICO AUDUBON COUNCIL;
SIERRA CLUB; SOUTHWEST
ENVIRONMENTAL CENTER,

          Plaintiffs - Appellees,

v.

JOHN W. KEYS, III, Commissioner,
Bureau of Reclamation; STEVE
HANSON, Regional Director, Bureau of
Reclamation; BUREAU OF
RECLAMATION, an agency of the
United States; JOSEPH BALLARD,
General, Chief Engineer, Army Corps of
Engineers; RAYMOND MIDKIFF, Lt.
Col., Albuquerque District Engineer;
UNITED STATES ARMY CORPS OF
ENGINEERS, an agency of the United
States; UNITED STATES OF
AMERICA; GALE NORTON, Secretary,
Department of Interior; UNITED
STATES FISH AND WILDLIFE
SERVICE,

          Defendants - Appellants,

STATE OF NEW MEXICO; THE

Nos.   02-2254
           02-2255
           02-2267
           02-2295
           02-2304

MIDDLE RIO GRANDE
CONSERVANCY DISTRICT; CITY OF
ALBUQUERQUE; RIO DE CHAMA
ACEQUIA ASSOCIATION,

        Defendants - Intervenors-
        Appellants,

DOUBLE M. RANCH; CITY OF
SANTA FE,

        Intervenors,

LAS CAMPANAS LIMITED
PARTNERSHIP; PACIFIC LEGAL
FOUNDATION; SAN JUAN WATER
COMMISSION; NATIONAL WATER
RESOURCES ASSOCIATION;
KLAMATH WATER USERS
ASSOCIATION; CITY AND COUNTY
OF SANTA FE; STATE OF
COLORADO; STATE OF IDAHO;
STATE OF NEBRASKA; STATE OF
OKLAHOMA; STATE OF SOUTH
DAKOTA; STATE OF WYOMING;
TROUT UNLIMITED; NATIONAL
WILDLIFE FEDERATION; DESERT
FISHES COUNCIL; NEW MEXICO
COUNCIL OF CHURCHES,

        Amici Curiae.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-99-1320 JP/RLP)**

Stephen R. Farris, Assistant Attorney General, State of New Mexico, Santa Fe, New Mexico, (Patricia A. Madrid, Attorney General, Tracy M. Hughes, Assistant Attorney General, State of New Mexico, Santa Fe, New Mexico; John E. Stroud, Special Assistant Attorney General, Karen L. Fisher, Special Assistant Attorney General, Office of the State Engineer and the New Mexico Interstate Stream Commission, Santa Fe, New Mexico; Peggy E. Montaño, Special Assistant Attorney General of Trout, Witwer & Freeman, P.C., Denver, Colorado; Fred Abramowitz, Special Assistant Attorney General of Abramowitz & Franks, Albuquerque, New Mexico with him on the briefs) for Defendant-Intervenor-Appellant State of New Mexico.

Lynn H. Slade of Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, (Maria O'Brien of Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, Charles W. Kolberg and Robert M. White, City of Albuquerque, Legal Department, Albuquerque, New Mexico, with him on the briefs) for Defendant-Intervenor-Appellant City of Albuquerque.

Charles T. DuMars, of Law & Resource Planning Associates, P.C., Albuquerque, New Mexico (Christina Bruff DuMars and David Seeley, of Law & Resource Planning Associates, P.C., Albuquerque, New Mexico, with him on the briefs) for Defendant-Intervenor-Appellant Middle Rio Grande Conservancy District.

Frank M. Bond of The Simons Firm, LLP, Santa Fe, New Mexico, (Thomas A. Simons, IV, and Faith Kalman Reyes of The Simons Firm, LLP, Santa Fe, New Mexico; Fred J. Waltz, Attorney, Taos, New Mexico with him on the briefs) for Defendant-Intervenor-Appellant Rio Chama Acequia Association.

Andrew C. Mergen, Attorney, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., (Thomas L. Sansonetti, Assistant Attorney General, Jeffrey Bossert Clark, Deputy Assistant Attorney General; Susan L. Pacholski, Attorney, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., with him on the briefs) for the Defendants-Appellants.

Alletta Belin, of Belin & Sugarman, Santa Fe, New Mexico, (Steven C. Sugarman of Belin & Sugarman, Santa Fe, New Mexico; Laurence J. Lucas, Attorney, Boise, Idaho with her on the brief) for Plaintiffs-Appellees.

James B. Dougherty, Washington, D.C., National Wildlife Federation, Desert Fishes Council, and New Mexico Council of Churches filed an amicus curiae brief for the Plaintiff-Appellees.

Elizabeth Newlin Taylor, Esq., and Jolene L. McCaleb, Esq., of Wolf, Taylor & McCaleb, P.A., Albuquerque, New Mexico, filed an amicus curiae brief on behalf of San Juan Water Commission for the Appellants.

Steven L. Hernandez of Hubert & Hernandez, P.A., Las Cruces, New Mexico, filed an amicus curiae brief on behalf of National Water Resources Association for the Defendants-Intervenors-Appellants.

Paul S. Simmons of Somach, Simmons, & Dunn, Sacramento, California, filed an amicus curiae brief on behalf of Klamath Water Users Association for the Appellants.

M. Reed Hopper and Anne M. Hayes of Pacific Legal Foundation, Sacramento, California, filed an amicus curiae brief for the Defendants-Intervenors-Appellants.

Bruce Thompson, City Attorney, Robert D. Kidd, Jr., Assistant City Attorney, Santa Fe, New Mexico; Galen Buller and Germaine R. Chappelle of Montgomery & Andrews, P.A., Santa Fe, New Mexico, City of Santa Fe, and Steven Kopelman, County Attorney, Santa Fe, New Mexico; John W. Utton and J. Brian Smith of Sheehan, Sheehan & Stelzner, P.A., Albuquerque, New Mexico, County of Santa Fe filed an amici curiae brief for the Defendants-Intervenors-Appellants.

Andrew Peternell, Project Attorney, Boulder, Colorado, filed an amicus curiae brief on behalf of Trout Unlimited for Appellees.

Ken Salazar, Attorney General, Alan Gilbert, Solicitor General, Peter J. Ampe, Assistant Attorney General, Colorado State Attorney General's Office, State of Colorado filed an amicus brief on behalf of Defendants-Intervenors-Appellants.

Alan G. Lance, Attorney General, Clive J. Strong, Deputy Attorney General, Clay R. Smith, Deputy Attorney General, Natural Resources Division, Boise, Idaho; Don Stenberg, Attorney General, State of Nebraska; W.A. Drew Edmondson, Attorney General, State of Oklahoma; Mark Barnett, Attorney General, State of South Dakota; Hoke MacMillan, Attorney General, State of Wyoming, filed an amici curiae brief for the Appellants.

Michael D. Baird, Esq. of Las Campanas Limited Partnership, Santa Fe, New Mexico; James W. Johnson, Michael J. Pearce and Thomas R. Wilmoth of Fennemore Craig, P.C., Phoenix, Arizona, Las Campanas Limited Partnership filed an amicus curiae brief for Appellants.

Michael E. Wall, Attorney, San Francisco, California, Natural Resources Defense Council, filed an amicus curiae brief.

---

Before **SEYMOUR**, **PORFILIO** and **KELLY**, Circuit Judges.

---

**PORFILIO**, Senior Circuit Judge.

---

This matter arises upon the court's own initiative. Papers filed in response to the petition for rehearing en banc have suggested this appeal has been mooted by events occurring after the entry of the opinion. We have obtained the viewpoints of Appellants and Appellees on this issue and have concluded the appeal is moot. Although the petition for en banc rehearing is still pending, we further conclude the appeal should be dismissed, and the panel opinion should be vacated.

We must begin our analysis by recalling the limited issue present in this appeal. The panel reviewed a preliminary injunction certified to us by the district court under Fed. R. Civ. P. 54(b). The injunctive provisions of the court's order mandated:

> 7. The Bureau of Reclamation must provide sufficient flows of water for the remainder of 2002 to maintain a flow of 50 cfs at San Acacia Diversion Dam, and to maintain a flow in the Albuquerque Reach from Angostura Diversion Dam to Isleta Diversion Dam, but is not required to pass flows through the Isleta Reach.
>
> 8. If necessary to meet these flow requirements for the remainder of 2002, the Bureau of Reclamation must release water from Heron Reservoir in 2002.

9.  The Federal Government must compensate those, if any, whose contractual rights to water are reduced in order to meet the aforementioned flow requirements.

10.  The Bureau of Reclamation and Fish and Wildlife Service must keep in place all other (non-flow) elements of the Reasonable and Prudent Alternative stated in the Fish and Wildlife Service June 29, 2001 Biological Opinion.

11.  In order to help protect the survival and recovery of the silvery minnow, the Bureau of Reclamation and the Fish and Wildlife Service must, to the extent reasonably possible, comply with the actions that are identified in the June 29, 2001 Biological Opinion and in the September 12, 2002 Biological Opinion under the headings of "Reasonable and Prudent Measures" and "Conservation Recommendations."

12.  The Bureau of Reclamation and Fish and Wildlife Service must reinitiate consultation immediately to plan for the various contingencies that may arise during the rest of 2002 and during 2003 based on the different amounts of water that may be available in the Rio Grande Basin.

13.  Beginning January 2003, the Bureau of Reclamation must comply with the flow requirements of the June 29, 2001 Biological Opinion until a new Biological Opinion is issued that contains a Reasonable and Prudent Alternative that avoids jeopardy, if possible.

14.  If necessary to meet flow requirements in 2003 either under the June 29, 2001 Biological Opinion or under a new Biological Opinion resulting from reinitiation of consultation, the Bureau of Reclamation must reduce contract deliveries under the San Juan-Chama Project and/or the Middle Rio Grande Project, and /or must restrict diversions by the Middle Rio Grande Conservancy District under the Middle Rio Grande Project, consistent with the Bureau of Reclamation's legal authority as determined in the Court's April 19, 2002 Memorandum Opinion and Order.

As of today, the parties agree all provisions of the injunction have either been met or were never invoked.  Most importantly, we are informed that between the entry of the injunctive order and December 31, 2003, the Bureau of Reclamation has not had to

comply with paragraph 14 of the district court's order by reducing delivery of allocated water to any contract user.

Thus, for all practical purposes, none of the provisions of the injunction remain. This court then faces the question of what relief we can afford by either affirming or reversing the preliminary injunction on en banc review, if granted. The answer is none.

The climatological circumstances that occurred during the appeal and the passage of time have rendered the injunction superfluous. No water has been diverted, and the order requiring diversion expired on December 31, 2003. Thus, the injunctive order from which this appeal was taken no longer provides the court with a live controversy to review. Therefore, this appeal is moot. ***Church of Scientology v. United States***, 506 U.S. 9, 12 (1992) (appeal becomes moot if the appellate court can fashion no meaningful relief); ***Jones v. Temmer***, 57 F.3d 921, 922 (10th Cir. 1995) (appeal becomes moot when the issue upon which the case is based ceases to exist). In its supplemental brief, the Government concedes the point.

The Government further concedes "[t]he limited exception to the mootness doctrine for disputes capable of repetition, yet evading review does not apply in this case." It states although the legal issue of the discretionary authority of the Bureau of Reclamation may arise again, "it is not clear that the question whether Reclamation has discretion to use Project water for endangered species purposes" will evade judicial review, citing ***Beattie v. United States***, 949 F.2d 1092, 1094 n.2 (10th Cir. 1991). The

Government correctly points out if the district court's conclusion that the Bureau of Reclamation has discretion under the contracts is embodied in a final order, that analysis will once again be subject to review, and sufficient time for the appellate process to run will be available.

Having concluded the appeal is moot, we must next decide whether the panel opinion should be vacated. The parties do not agree upon an answer.

While the Government asserts the panel opinion must be vacated, it also urges us to order the district court to vacate its order and dismiss the entire case. Appellees, however, argue against vacating the panel opinion and strongly contest vacating the injunctive order and dismissal of the case. We shall examine these positions separately.

Whether any opinion should be vacated on the basis of mootness is an equitable question. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994). Following this concept, we have held that when the party seeking relief is the cause of the mootness, vacatur will not be granted. *19 Solid Waste Dept. Mechanics v. City of Albuquerque*, 76 F.3d 1142, 1144-45 (10th Cir 1996); *Oklahoma Radio Associates v. F.D.I.C.*, 3 F.3d 1436 (10th Cir. 1993); *Martinez v. Winner*, 800 F.2d 230 (10th Cir. 1986). We have also held when appellants voluntarily *contribute* to the cause of mootness, vacatur will be denied. *In re Western Pac. Airlines, Inc.*, 181 F.3d 1191, 1197-98 (10th Cir. 1999). Nonetheless, when the government undertakes remedial measures that do not result in manipulation of the judicial process and eliminate the

underlying cause of an injunction, vacatur will be granted. ***McClendon v. City of Albuquerque***, 100 F.3d 863, 868 (10th Cir. 1996).

Appellees contend we should not vacate the panel opinion because the Government rendered the appeal moot. They argue the adoption of a new Biological Opinion as well as the actions of the New Mexico Congressional delegation in introducing legislation to void the panel opinion have resulted in the mootness of this appeal.[1] Consequently, they argue, the most equitable result would be to allow the panel opinion to stand. We do not agree.

First of all, the most significant factor causing the mootness of this appeal is the favorable climatic conditions which worked to preserve the habitat of the silvery minnow. Indeed, the subsequent acts of Congress were merely incidental to the issue of mootness.

Moreover, the adoption of the new Biological Opinion was in part, at least, the consequence of remedies ordered by the district court. The actions of the Congressional delegation, are not acts of the parties in this case, however. Thus, we cannot agree that the Government and the Congressional delegation from New Mexico are guilty of acts that should give rise to equitable rights for the Appellees.

---

[1] The legislation was ultimately enacted. Energy and Water Development Appropriations Act of 2004, Pub. L. No 108-137 § 208(a), 117 Stat. 1827 (Dec. 1, 2003) prohibits the Secretary of the Interior from using any funds appropriated for the current fiscal year to "restrict, reduce or reallocate any water stored in Heron Reservoir or delivered pursuant to San Juan-Chama Project contracts . . . to meet the requirements of the Endangered Species Act." This enactment also makes moot further proceedings in this court.

Helpful in considering where the equities do lie is ***Jones v. Temmer***, 57 F.3d at 923. In that case, Plaintiff taxi owners filed a § 1983 complaint against members of the Colorado Public Utilities Commission asserting a Colorado statute providing for a restrictive monopoly of taxicab licenses resulted in a denial of Plaintiffs' 14th Amendment rights. The district court denied relief, and Plaintiffs appealed. While the appeal was pending, the Colorado General Assembly passed amendatory legislation eliminating the barriers to licensing which had formed the basis of the constitutional claims Plaintiffs raised. Over Defendants' objection, this court granted Plaintiffs' motion to dismiss the appeal as moot invoking the case and controversy provisions of Article III.

The court then turned to the issue of vacatur. Discussing generally the holdings in ***United States v. Munsingwear, Inc.***, 340 U.S. 36 (1950), and ***U.S. Bancorp***, 513 U.S. at 18, the court reminded that the basis for vacatur of judgments is the equitable principle a party should not have to bear the consequences of an adverse ruling when "frustrated by the vagaries of the circumstances." 57 F.3d at 923. Because the court recognized the mootness of the case was not the result of any act of the appellants, it stated they should not have to bear the burden of the district court's adverse order.

> It is clear that mootness here resulted not from any voluntary action by plaintiffs but rather from circumstances beyond plaintiffs' control and for which they were not responsible. Accordingly, plaintiffs are entitled to vacatur under ***U.S. Bancorp***.

*Id*. (citations omitted).

Although there are similarities between our case and *Jones,* there is also a very important distinction. In both cases, no *party* actually caused or was responsible for the mootness of the appeal. In *Jones*, it was legislative action. In our case, Congressional action has achieved the same result. However, we have an additional factor not present in *Jones*: the simple passage of time.

Neither party is responsible for that factor. Even absent Congressional action, the district court's injunction has lapsed, leaving nothing to either enforce or vacate as part of this appeal. What are the equities that arise out of that consequence?

At this juncture, the litigation will proceed on the complaint in the district court. At the same time, the habitat of the silvery minnow was not harmed in 2002 or 2003. As the case now stands, Appellees' purpose in seeking the preliminary judgment effectively has been achieved, but the Appellants may face further litigation, depending upon the ultimate determinations made by the district court. Under those circumstances, the equities tip in favor of the Appellants.

The unique posture of this case - a review of a finite injunctive order and the continuation of the litigation in the district court - requires us to consider an additional issue relating to vacatur. In *Amoco Oil*, 231 F.3d at 698, we held the "public interest" can be an aspect of equity in deciding whether to vacate an opinion. We noted the public has a significant interest in not disturbing the orderly operation of the judicial system. *Id.* That interest is present in this appeal.

We conclude Plaintiffs have nothing to gain from perpetuation of the panel opinion. While they may have the satisfaction of having "won" the argument, that is a matter of their private interest. It does not affect the public. We therefore conclude, the remaining equities favor the Government.

The State confuses the potential for the resurgence of the issue of governmental discretion in the district court with whether the *appeal* is moot. Those are separate inquiries. The State reasons the new Biological Opinion and the amendatory legislation do not change the issue of whether the Bureau of Reclamation has discretionary authority to alter delivery of water under the contracts. Contrary to the Government's position, the State argues the fact the preliminary injunction ends December 31, 2003, does not make the appeal moot. That argument simply refuses to accept the finite nature of the preliminary injunction and the loss of a live controversy before us.[2]

That leads us to consider whether we should order the district court to vacate its injunctive order as well, as the Government suggests. We are persuaded that because the complaint has not been dismissed and because the injunction was temporally limited and preliminary, the district court should determine whether there are unresolved issues that remain to be tried. Therefore, the equities lie with the Plaintiffs when considering whether to vacate the district court's order.

_____

[2]Whether the State clings to this position subsequent to the enactment of the legislation is unknown at this point.

The Second Circuit reached the same conclusion in a similar case, *Housing Works, Inc. v. City of New York*, 203 F.3d. 176, 176 (2nd Cir. 2000). Noting an absence of definitive circuit authority declaring when a moot preliminary injunction should be vacated, it held dismissal of the appeal is sufficient without ordering vacatur of the trial court's order. *Id*. That principle is sound, and we shall follow it.

The district court must be allowed to enter a judgment it determines appropriate. Because the injunction is unenforceable, it is of no controlling consequence to the case. If the district court enters a final order with which the parties disagree, they may appeal once again.

We therefore order that the panel opinion is **VACATED**. The appeal is **DISMISSED AS MOOT**.