**UNITED STATES of America,**
**Plaintiff,**

v.

**Lisa Leann NEWELL; University of Iowa Community Credit Union a/k/a U of I Community Credit Union; and City of North Liberty, Iowa, Defendants.**

**No. 3:06–cv–00100.**

United States District Court,
S.D. Iowa,
Davenport Division.

Oct. 11, 2007.

Gary L. Hayward, United States Attorney, Des Moines, IA, for Plaintiff.

Steven G. Klesner, Johnston & Nathanson PLC, Robert S. Michael, Lynch Greenleaf & Michael, Iowa City, IA, for Defendants.

## ORDER

ROBERT W. PRATT, Chief Judge.

On September 21, 2006, the Plaintiff filed a Complaint against Defendants, seeking judgment in rem against certain real property of Lisa Newell, and seeking judgment in personam against Ms. Newell. The Complaint arose out of Defendant's alleged failure to pay installments of principal and interest on a Rural Housing Loan in the amount of $121,000.00, executed through the Farmers Home Administration, pursuant to Title V of the Housing Act of 1949. On May 16, 2007, this Court granted summary judgment in favor of the Plaintiff, finding, amongst other things, that Ms. Newell had failed to timely resist the motion and that judgment on the merits of the case was proper. A Judgment and Decree of Foreclosure was entered on June 11, 2007, and Notice of a pending Marshal's Sale was filed on August 17, 2007.

On September 24, 2007, Plaintiff filed a Motion for Relief from Final Order (Clerk's No. 14). Therein, Plaintiff states that, subsequent to all of the aforementioned proceedings, Plaintiff discovered that the present action was filed while Ms. Newell had an administrative civil rights complaint pending before the United States Department of Agriculture ("USDA"). The internal policies of that agency provide that when such a complaint has been filed, "all adverse actions (i.e., foreclosure, liquidations, etc.) must be suspended until the case has been resolved by the Department's Office of Civil Rights Enforcement." Rural Development Instruction Part 2012–B, § 2012.57, *available at* http://www.rurdev.usda.gov/regs/regs/txt/2012b.txt. Thus, for purposes of the present motion, Plaintiff requests that the

Court determine which of the following courses of action is appropriate: 1) vacate the judgment and dismiss the present case without prejudice, in light of the internal agency policies mentioned above; or 2) find that the internal agency policy, though not followed, has no impact on the judgment entered in this case, and enter an order stating that the Plaintiff may convey good title at a marshal's sale.

A thorough review of the case law reveals no case directly on point. It is clear that, under the agency policies, the present foreclosure action should not have been filed until after August 27, 2007, the date on which Ms. Newell's administrative complaint was resolved. It is also clear, however, that nothing about the agency's internal policies deprived this Court of jurisdiction to hear the present foreclosure action, nor was the adjudication of the foreclosure matter a violation of any relevant federal statutes or regulations. Further, the "Rural Development Instructions," the source of the requirement that adverse actions be suspended pending the resolution of an administrative complaint, appear to have as their purpose the establishment of routine procedures for employees to follow in conducting investigations, since the results of such investigations can result in legal or administrative action:

> This Instruction provides procedures for the Office of the Inspector General (OIG) investigation of Rural Development program activities, employee misconduct, and the OIG Whistleblower (Hotline) complaint ... process. The OIG investigative reports provide a basis for disciplinary or adverse actions, fiscal charges, loan program administrative action, and criminal or civil court actions.

Rural Development Instruction, Part 2012–B, § 2012.51, *available at* http://www.rurdev.usda.gov/regs/regs/txt/2012b.txt.

The Court has found only two cases that even tangentially relate to the USDA's suspension policy. In *United States of America v. Fowler,* the Government sought to foreclose on the defendants' farm and moved for partial summary judgment. No. 97–6241, 1998 WL 647034, at *1, 1998 LEXIS 17096, at *3 (10th Cir. July 27, 1998). The defendants did not deny owing a debt on the farm. *Id.* Instead, they argued that the action should be stayed due to the USDA policy suspending foreclosures in cases with pending discrimination complaints. *Id.* The district court rejected the argument and entered judgment in favor of the Government. *Id.* The Court of Appeals declined to accept the defendants' appeal because the USDA had already decided and rejected their discrimination claim, meaning that the Court of Appeals could not grant "effective relief" and rendering the appeal moot. *Id.* at *2, 1998 LEXIS 17096, at *6–7. The Court of Appeals did, however, order the district court to vacate that portion of its opinion rejecting the suspension argument, though it does not appear that this order had any substantive effect on the proceedings. *Id.*

In *United States of America v. Anderson,* the Government moved for summary judgment on its request for foreclosure on two real estate mortgages. The defendants raised as an affirmative defense a claim that the summary judgment proceedings should be stayed pursuant to the USDA suspension policy, in light of the fact that defendants had filed an administrative discrimination complaint. No. 2:04–cv–121, 2007 WL 2126871, at *4, 2007 LEXIS 54804, at *13 (D.N.D. July 23, 2007). The district court rejected the affirmative defense, finding that the administrative case had been closed, thus eliminating the obligation of the USDA to comply with its suspension policy. *Id.*

■ Reading these two cases in the context of the present one, the Court is inclined to take the position that, had Ms. Newell been entitled to a delay or stay of the proceedings, she should have raised such a request either as an affirmative defense to the Complaint or as a basis for resisting the Government's Motion for Summary Judgment. Even now, Ms. Newell has filed no response to the Plaintiff's present motion indicating a belief that the foreclosure proceedings were faulty because the proceedings were not delayed or because a stay was not granted at the appropriate time. Further, the failure of the Government to delay the present proceedings until after the administrative civil rights matter was resolved was, at worst, inadvertent. This is clear from the Plaintiff's brief in support of its motion and from the fact that, as soon as it became aware of the mistake, the Plaintiff immediately brought the matter to the Court's attention.[1]

■ Agencies are generally required to adhere to their own regulations and internal procedures. *See Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."). An agency's failure to follow its own rules and regulations does not, however, always require reversal of the agency's actions. In *American Farm Lines v. Black Ball Freight Service,* 397 U.S. 532, 538–39, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970), the Supreme Court determined that an agency's failure to follow certain regulations did not require reversal or additional relief absent a showing of substantial prejudice by the affected party. *See also Orca N.W. Real Estate Servs. v. United States,* 65 Fed.Cl. 1, 11–12 (Fed.Cl. 2005) (finding that two procedural errors committed by HUD were not significant because they were not prejudicial); *Wirth v. United States,* 36 Fed.Cl. 517, 524 (Fed. Cl.1996) (finding that an agency's failure to timely comply with its own regulatory procedures is harmless error unless substantial harm or prejudice resulted); *Port of Jacksonville Maritime Ad Hoc Comm., Inc. v. United States Coast Guard,* 788 F.2d 705, 709 (11th Cir.1986) (applying *Black Ball* substantial prejudice framework for reviewing agency departures from regulations to departures from internal guidelines); *Connor v. United States Civil Serv. Comm'n,* 721 F.2d 1054, 1056 (6th Cir.1983) ("[A]n agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits

---

1. The ethical obligation of Plaintiff's counsel to bring this matter to the Court's attention is not questionable:

    Any ethical and procedural obligation of a private attorney to be fair to opponents and candid with the court is enforceable when the litigant is represented by an attorney for the government. As a United States Attorney General put it more than a hundred years ago, "in the performance of ... his duty ... he is not a counsel giving advice to the government as his client, but a public officer, acting judicially, under all the solemn responsibilities of conscience and legal obligations."

    *Zimmerman v. Schweiker,* 575 F.Supp. 1436, 1440 (E.D.N.Y.1983) (quoting 6 Ops. Atty. Gen. Office and Duties of Attorney General 326, 334 (1854) (Caleb Cushing to the President) (other citations omitted)). Nonetheless, the Court commends Plaintiff's counsel for being prompt and forthcoming, both in bringing the present matter to the Court's attention, and in candidly admitting an uncertainty about the appropriate resolution of the issue. Indeed, while counsel noted that the Government would, of course, prefer not to have to relitigate the foreclosure action, counsel also made clear that the overriding concern in bringing the present motion was to ensure that the rights of all persons who are, or who may be affected by this litigation, are preserved.

or deprived of substantial rights because of the agency's procedural lapses.").

 On the present facts, Ms. Newell has not, herself, claimed that any substantial right was violated by the foreclosure action proceeding contemporaneously with the civil rights action. Nor can the Court fathom any prejudice that might have accrued, particularly given that Ms. Newell was represented by counsel throughout the foreclosure proceedings. Indeed, given that the civil rights action was resolved against Ms. Newell, the Court finds it far more likely that Ms. Newell would be prejudiced by the Court now retroactively concluding that the foreclosure proceedings are void for the Plaintiff's failure to comply with the USDA instruction. That is, were the Court to void the judgment of foreclosure and require the Government to commence the foreclosure action anew, Ms. Newell would be subject to further interest on the unpaid balance of the mortgage and further attorney's fees. For this price, the Court is confident that the outcome would be precisely the same, given that Ms. Newell objected only to the amounts owed, and not to the fact that she had failed to pay installments of principal and interest on the loan when such payments were due. "[W]hen a procedural violation is deemed immaterial or harmless, a court will not require an agency to engage in the empty exercise of repeating a procedure according to rules where the result of the procedure is foreordained." *Wilkinson v. Legal Servs. Corp.,* 27 F.Supp.2d 32, 63 (D.D.C. 1998) (citing *United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979) and *Black Ball,* 397 U.S. at 532, 90 S.Ct. 1288). Accordingly, the Court concludes that the unintentional failure to apply the USDA's suspension policy to the present foreclosure proceeding was harmless error and did not substantially prejudice the rights of Ms. Newell or any other defendant in this action. Accordingly, to the extent the Plaintiff's present motion (Clerk's No. 14) seeks further consideration of the validity of the Judgment entered in this case, the motion is GRANTED. The Government may proceed with the Marshal's sale of the foreclosed property and the United States may convey marketable title at such sale.

IT IS SO ORDERED.