**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff-Appellee,

and

MELISSA R. WOLFF,

        Plaintiff-Intervenor-
        Appellee,

    v.

JOSLIN DRY GOODS COMPANY,
doing business as Dillard's,

        Defendant-Appellant.

No. 06-1143

(D. Colorado)

(D.C. No. 05-CV-177-WDM-MEH)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HOLLOWAY**, and **TYMKOVICH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Introduction

The Equal Employment Opportunity Commission ("EEOC") filed a public enforcement action against Dillard's on behalf of an unnamed former employee of Dillard's and a class of similarly situated individuals. In its complaint, the EEOC alleged Dillard's had subjected the employees to sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Melissa Wolff, the former employee who had filed the complaint with the EEOC, moved to intervene and permission was granted by the district court. Dillard's then filed a motion to stay Wolff's intervention pursuant to 9 U.S.C. § 3, based on an arbitration agreement Wolff had signed upon beginning employment. The district court denied the motion to stay and Dillard's appealed. While the appeal was pending, Dillard's and Wolff entered into a settlement agreement and Wolff's claims were subsequently dismissed with prejudice. Because the dismissal of Wolff from the lawsuit makes it impossible for this court to provide any effective relief, this court concludes Dillard's appeal is moot and **dismisses** the appeal.

## II. Background

Wolff applied for a position at Dillard's and was hired to work as a sales associate in one of its retail stores. At the time Wolff was hired, she received and signed a document entitled "Agreement to Arbitrate Certain Claims." The agreement stated that the employee and the company both agree "to resolve any and all disputes" in accordance with the incorporated Rules of Arbitration ("the

Rules"). The Rules provide that "any claim that could be made in a court of law," including a claim for "[d]iscrimination or harassment on the basis of . . . sex," shall be subject to arbitration. Wolff alleged that although she signed the agreement, she was never provided with a copy of the Rules.

Soon after Wolff began her employment, she filed a police report against her supervisor, Scott McGinnis, alleging he had subjected her to offensive and unwanted sexual advances. McGinnis confessed to the allegations and was charged with unlawful sexual contact. Dillard's subsequently terminated McGinnis based in part on these allegations. Wolff also filed a complaint with the EEOC in which she asserted she was subjected to sexual harassment in violation of Title VII. In her complaint, she stated McGinnis repeatedly talked about how pretty she was, asked her to meet him in the parking lot after work, and called her after work to tell her he was looking for her. She also asserted, among other things, that while she was completing additional employment paperwork in McGinnis' office, McGinnis grabbed her, rubbed her hips, and said he wanted to kiss her.

Based upon these allegations, the EEOC filed a public enforcement action against Dillard's. The complaint alleged Dillard's had engaged in an unlawful employment practice in violation of Title VII by subjecting Wolff and other similarly situated individuals to sexual harassment and failing to take prompt remedial action to eliminate the harassment. The EEOC sought injunctive relief,

back pay, compensatory relief, punitive damages, and other "necessary and proper" relief on behalf of Wolff and the class of similarly situated individuals.

After the EEOC filed its action, Wolff filed a motion to intervene, identifying herself as the charging party in the EEOC complaint and asserting "a right to bring an individual claim of sexual harassment" based on the allegations discussed above. The district court granted Wolff's motion to intervene over the objection of Dillard's. Dillard's then filed a motion to stay Wolff's intervention in the EEOC proceeding pending arbitration, pursuant to 9 U.S.C. § 3. It argued Wolff was bound by the arbitration agreement and therefore could not participate in the EEOC litigation. The magistrate judge recommended that the district court grant Dillard's motion to stay the proceedings as to Wolff.

In response, the EEOC and Wolff filed a joint objection to the magistrate judge's recommendation. The district court rejected the recommendation and denied the motion to stay. Relying on language from *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002), it concluded that, as a result of the EEOC enforcement action, Wolff no longer had an independent cause of action that could be subject to arbitration. Dillard's then filed this appeal, arguing the district court erred in denying the motion to stay Wolff's intervention and concluding that Wolff had no independent arbitrable claim.

Following oral argument, Wolff and Dillard's participated in mediation and eventually entered into a settlement agreement. Dillard's and the EEOC,

-4-

however, were unable to reach an agreement. Pursuant to the settlement agreement, Wolff and Dillard's filed a stipulated dismissal with prejudice in the district court. The district court then dismissed Wolff's complaint as plaintiff-intervenor. Nevertheless, the EEOC has expressed its intent to proceed with its public enforcement action against Dillard's on behalf of Wolff and similarly situated individuals. After reaching the settlement with Wolff, Dillard's filed with this court a statement informing the court of the settlement and indicating its position that the appeal is not moot. In response, the EEOC argued the settlement between Wolff and Dillard's rendered the appeal moot.

## III. Analysis

Pursuant to Article III of the Constitution, federal court jurisdiction is limited to the adjudication of live cases and controversies. *Moongate Water Co. v. Dona Ana Mut. Domestic Water Consumers Ass'n*, 420 F.3d 1082, 1088 (10th Cir. 2005). "The controversy must exist at all stages of appellate or certiorari review, and not simply at the date the action is initiated." *Id.* (quotation omitted). This court has "no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it." *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quotation omitted). Because the existence of a live case or controversy is a constitutional prerequisite to federal jurisdiction, mootness is a threshold issue that must be addressed before this court may reach the merits of an appeal.

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). An appeal must be dismissed as moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quotation omitted).

The EEOC argues the settlement between Wolff and Dillard's and the subsequent dismissal of Wolff's claim in intervention render this appeal moot. It argues that even if this court were to agree with Dillard's legal argument and conclude the district court erred in denying its motion to stay Wolff's intervention pending arbitration, it would be impossible for this court to provide any effectual relief. This court agrees with the EEOC and concludes the appeal is moot.

The basis for Dillard's appeal was that the district court erred in concluding Wolff had no arbitrable claim and therefore refusing to grant Dillard's motion to stay Wolff's intervention pending arbitration. As a consequence, the sole relief Dillard's sought from this court was a reversal of the district court's denial of the motion to stay and an order directing the district court to grant the stay. Now that Wolff's claim has been dismissed from the lawsuit, however, it no longer matters whether the district court should have enforced the arbitration agreement and stayed Wolff's participation in the litigation. In other words, because Wolff is no longer a party to the lawsuit, there is no claim to be stayed. Further, it is undisputed that the arbitration agreement which forms the basis of the appeal does

not bind the EEOC or preclude litigation between the EEOC and Dillard's, the only two remaining parties in this case. *See Waffle House*, 534 U.S. at 294. Thus, even if this court were to conclude Wolff's claim should have been subject to arbitration and, correspondingly, that the district court erred in denying the stay, no live controversy remains on this issue and this court cannot grant Dillard's any effectual relief. *See United States v. Seminole Nation of Okla.*, 321 F.3d 939, 943 (10th Cir. 2002) ("Once such controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter.").

Dillard's argues the settlement and dismissal of Wolff's claims do not render the appeal moot because this court's resolution of whether Wolff had an independent Title VII claim would affect the character of relief the EEOC could recover in its ongoing enforcement action. It argues that if the district court continues to treat Wolff as having had no independent Title VII claim, it will necessarily conclude that Wolff has received no compensation for the violation of her Title VII rights. As a result, Dillard's argues, the district court will not limit the relief in the EEOC action and, accordingly, may impermissibly allow "double recovery." *See Waffle House*, 534 U.S. at 296-97.

Even if Dillard's is correct that the district court's order on appeal will influence its determination of appropriate relief in the enforcement action, a conclusion that is far from certain, such an effect is too attenuated to alone form the basis for a live case or controversy. While Dillard's contends this court's

resolution of the underlying issue on appeal "will have some effect in the real world," *see Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999) (quotation omitted), it implicitly concedes that any such effect is entirely contingent on the EEOC succeeding in the enforcement action. If the EEOC ultimately does not prevail in its enforcement action, the question of appropriate relief will become irrelevant and a decision by this court in Dillard's favor would have provided Dillard's no relief whatsoever. Additionally, even if the EEOC does succeed, there is no indication it will necessarily seek the "double recovery" on behalf of Wolff that Dillard's argues is improper. The practical effect of this court's decision therefore depends entirely on (1) the EEOC prevailing in its enforcement action, (2) the EEOC seeking duplicative relief on behalf of Wolff, and (3) the district court resolving the issue of appropriate relief in the manner Dillard's presumes it will. Such contingencies are "too conjectural and speculative to avoid a finding of mootness." *Jones v. Temmer*, 57 F.3d 921, 923 (10th Cir. 1995).

By urging this court to decide whether Wolff had an independent Title VII claim prior to settlement, Dillard's effectively seeks a ruling from this court on an abstract legal question that may, at some point in the future, have an effect on the proceedings in the district court. It is well-settled, however, that "a federal court has no authority to give opinions upon . . . abstract propositions." *Church of Scientology*, 506 U.S. at 12 (quotation omitted). While it is certainly true that in

dismissing this appeal, this court fails to resolve the legal issues underlying Dillard's appeal, this court has previously recognized that "[i]n every case dismissed as moot, legal questions are necessarily left unresolved." *Park County Res. Council, Inc. v. United States Dep't of Agric.*, 817 F.2d 609, 615 (10th Cir. 1987), *overruled on other grounds*, *Vill. of Los Ranchos de Albuquerque v. Marsh*, 956 F.2d 970, 973 (10th Cir. 1992). Nevertheless, "[w]hen the underlying facts illuminating the legal issue no longer exist," this court's exercise of jurisdiction would constitute "an advisory opinion as to an abstract question of law" in violation of Article III. *Id.* Because Wolff no longer has a claim against Dillard's, the question of whether such a claim would be subject to arbitration is purely hypothetical and abstract. Thus, Dillard's appeal of the district court's denial of its motion to stay Wolff's intervention pending arbitration is moot.

## IV. Conclusion

For the foregoing reasons, this court **dismisses** the appeal of the district court's denial of Dillard's motion to stay all proceedings with respect to Wolff's claim pending arbitration.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-9-