FILED
United States Court of Appeals
Tenth Circuit

October 17, 2023

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RANDY DEAN QUINT; JOHN LINN;
MARK MOLINA, individually and on
behalf of all others similarly situated,

     Plaintiffs - Appellants,

v.

VAIL RESORTS, INC., a Delaware
corporation,

     Defendant - Appellee.

No. 22-1226

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:20-CV-03569-DDD-GPG)**
_____

Submitted on the briefs:[*]

Edward P. Dietrich, Edward P. Dietrich, APC, Beverly Hills, California, for
Plaintiffs-Appellants.

Michael H. Bell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,[**] Denver, Colorado,
for Defendant-Appellee.

_____

   [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

   [**] Steven R. Reid withdrew from the case and is no longer at Ogletree,
Deakins, Nash, Smoak & Stewart, P.C.  However, he is listed as counsel of record on
the appellee's response brief.

_____

Before **TYMKOVICH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

**TYMKOVICH**, Circuit Judge.

_____

Randy Dean Quint, John Linn, and Mark Molina ("Colorado Plaintiffs") filed a class and collective action against Vail Resorts, Inc., in the District of Colorado alleging violations of federal and state labor laws ("Colorado Action"). Different plaintiffs filed similar lawsuits against a Vail subsidiary, which are pending in federal and state courts in California. After Vail gave notice that it had agreed to a nationwide settlement with some of the other plaintiffs, Colorado Plaintiffs filed an emergency motion asking the district court to enjoin Vail from consummating the settlement. The district court denied their motion, and Colorado Plaintiffs filed this interlocutory appeal. Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

## I.     Background

The Colorado Action alleges that certain of Vail's nationwide employment practices violate the Fair Labor Standards Act and state law. Colorado Plaintiffs seek payment of unpaid wages, overtime, and other benefits for themselves and similarly situated parties. Five other actions filed by different plaintiffs in California asserted similar claims against Vail subsidiaries.

Vail notified Colorado Plaintiffs and the district court that it had negotiated a nationwide settlement with other plaintiffs encompassing all claims for alleged

2

unpaid wages and any other violation of state or federal law involving Vail and its subsidiaries ("Settlement").  Vail initially indicated the Settlement would be submitted for approval in the district court in the Eastern District of California, but the settling parties later stipulated to stay the California federal-court actions and seek approval of the Settlement in a California state-court action.  Colorado Plaintiffs filed an emergency motion seeking an injunction under the All Writs Act, 28 U.S.C. § 1651, "to enjoin [Vail] from consummating a facially collusive 'reverse auction' settlement in a recently filed placeholder California state court action or any other court."  Aplt. App., Vol. 2 at 410 ("Injunction Motion").

A magistrate judge issued a report and recommendation ("R&R") to deny the Injunction Motion, concluding the relief Colorado Plaintiffs sought was barred by the Anti-Injunction Act, 28 U.S.C. § 2283.  The district court overruled Colorado Plaintiffs' objections, accepted and adopted the R&R, and denied the Injunction Motion.  Colorado Plaintiffs appealed.[1]

## II.     Discussion

Colorado Plaintiffs argue the district court erred by:  (1) applying the wrong standard in reviewing the R&R; (2) holding the Anti-Injunction Act applies to an injunction against Vail rather than the state court; (3) declining to consider one

---

[1] Vail argues this appeal is moot because the state court has granted final approval of the Settlement.  But it fails to demonstrate that "it is impossible for a court to grant any effectual relief whatever to" Colorado Plaintiffs. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted).

exception to the Anti-Injunction Act; (4) holding a second exception to the

Anti-Injunction Act did not apply; (5) failing to enforce the first-to-file rule; and

(6) abstaining under the *Colorado River* doctrine.[2]

**A.      Standard of Review Applied to R&R**

Colorado Plaintiffs first argue the district court applied the wrong standard in

reviewing the magistrate judge's R&R.  The court concluded the R&R was "not

dispositive of a party's claim or defense," so it should "'modify or set aside any part

of the order that is clearly erroneous or is contrary to law.'"  Aplt. App., Vol. 5 at

1186 (quoting Fed. R. Civ. P. 72(a)).  Colorado Plaintiffs contend the court erred in

concluding the R&R was not dispositive and in failing to apply de novo review.

They argue we must remand for the district court to apply the correct standard of

review.

Vail contends Colorado Plaintiffs waived this issue by arguing for the

clearly-erroneous-or-contrary-to-law standard of review in their objections to the

R&R.  In *Birch v. Polaris Industries, Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015), we

held appellants waived their de-novo-review argument by agreeing with the district

court that it had correctly articulated the standard as clearly erroneous or contrary to

law.  But the waiver question here is not as clear as in *Birch*.  In this case the

magistrate judge issued a report and recommendation rather than entering an order

---

[2] Colorado Plaintiffs also contend the district court erred in concluding the facts did not support their contention that the Settlement is collusive.  We need not address that issue to resolve this appeal.

4

and also cited Federal Rule of Civil Procedure 72(b), which applies to dispositive motions. *See* Aplt. App., Vol. 5 at 1083 & n.2. Although Colorado Plaintiffs did assert the R&R was clearly erroneous and contrary to law, they also argued for de novo review. *See id.* at 1112. And the district court chided them for misstating the standard of review in their objections, suggesting that it rejected their contention regarding de novo review. *See id.* at 1189 n.1. We decline to find a waiver under these circumstances. *See United States v. Walker*, 918 F.3d 1134, 1153 (10th Cir. 2019) ("To be clear, whether issues should be deemed waived is a matter of discretion.").

We review de novo whether the district court applied the correct standard in reviewing the R&R. *See Birch*, 812 F.3d at 1246. We agree with Colorado Plaintiffs that the court was required to review the R&R de novo, but we decline to remand because the error was harmless.

### 1.    Dispositive Motion

Magistrate judges are "not Article III judicial officers" and their "jurisdiction and powers . . . are governed by 28 U.S.C. § 636, and limited by the Constitution." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988). Section 636(b) "establishes that magistrates may hear and determine any pretrial matters pending before the court, *save for eight excepted motions*. These eight motions are generally referred to as '*dispositive*' motions." *Id.* (emphasis added) (footnote omitted). "While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make

*de novo* determinations as to those matters if a party objects to the magistrate's recommendations." *Id.* at 1462; *see* § 636(b)(1)(B), (C).

The eight motions enumerated in § 636(b)(1)(A) that are excepted from a magistrate judge's authority to "hear and determine" include "a motion for injunctive relief." Because Colorado Plaintiffs' Injunction Motion sought injunctive relief, it was a "motion excepted in subparagraph (A)," § 636(b)(1)(B). Thus, the magistrate judge could not hear and determine that motion; rather, it could only "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court." *Id.* And the district court was required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Vail asserts this analysis requires an additional step: determining whether a motion for injunctive relief is dispositive of a claim or defense under Federal Rule of Civil Procedure 72. It maintains the Injunction Motion was not dispositive in this sense. But Vail misconstrues § 636(b)(1). That section nowhere refers to motions as dispositive or nondispositive. It does, however, unambiguously list eight motions a magistrate judge may not hear and determine. The dispositive/nondispositive-motion distinction comes from Rule 72, which "specifies the procedures to be used by magistrates with regard to pretrial matters." *Ocelot Oil Corp.*, 847 F.2d at 1462.

6

That Rule

> reflects the division in section 636(b) between matters as to which magistrates may issue orders and matters as to which magistrates may make only proposed findings of fact and recommendations.  Significantly, the Rule does not list the specific motions which fall into each category, but simply refers to matters as either "dispositive" or "not dispositive" of a claim or defense.

*Id.* (quoting Rule 72).  The two categories used in Rule 72(a) and (b)—nondispositive and dispositive—are tied to referrals under subsection (A) and subsection (B) of § 636(b)(1).  *See Ocelot Oil Corp.*, 847 F.2d at 1462.

We have also concluded that "motions not designated on their face as one of those excepted in [§ 636(b)(1)](A) are nevertheless to be treated as such a motion when they have an identical effect."  *Id.*  Thus, for example, a dismissal of claims with prejudice, "whether as a discovery sanction or for some other reason, constitutes the involuntary dismissal of an action within the meaning of section 636(b)(1)(A)."  *Id.* at 1463.  This is so because "[t]he Constitution requires that Article III judges exercise final decisionmaking authority" rather than magistrate judges.  *Id.*

In contrast, we have never held, nor have we found authority for the proposition, that a magistrate judge may "hear and determine" a type of motion expressly excepted in § 636(b)(1)(A)—whether it be a motion for injunctive relief or any other listed motion—on the ground that it is not dispositive of a claim or defense under the rubric in Rule 72.[3]  Such a conclusion would expand the magistrate judge's

---

[3] Vail cites only an unpublished district court decision, which is not binding on us and with which we respectfully disagree.  *See McGee v. Pacheco*, No. 20-cv-00328-CMA-STV, 2020 WL 1872386, at *2 (D. Colo. Apr. 14, 2020).

authority beyond its unambiguous, congressionally defined scope in § 636(b)(1). Rather, the motions "explicitly listed in subsection (A) are dispositive within the context of section 636." *Ocelot Oil Corp.*, 847 F.2d at 1463; *see also PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010) ("Dispositive motions include those enumerated in 28 U.S.C. § 636(b)(1)(A) . . . ."); 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3068.2 (3d ed. Apr. 2023 update) ("[A]t the very least, the eight motions listed in the statute will be governed by the procedures and de novo review of Rule 72(b)."). The district court therefore erred by construing the R&R, which considered a motion seeking injunctive relief, as addressing a nondispositive matter under Rule 72(a) and by applying the clearly-erroneous-or-contrary-to-law review standard.

### 2. Harmless Error

But we agree with Vail that the district court's error in applying the review standard applicable to nondispositive matters was harmless. We conclude that the district court's error was not prejudicial to Colorado Plaintiffs. *See* 28 U.S.C. § 2111 ("On the hearing of any appeal . . . in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."). With one exception, we can resolve this appeal based on the legal issues raised by the parties. Colorado Plaintiffs do not contend otherwise. *See* Aplt. Opening Br. at 21 (stating the disposition of this appeal turns on

issues of law).[4]  "[T]he difference between a *de novo* review of a record and a review under the clearly erroneous standard is significant."  *Ocelot Oil Corp.*, 847 F.2d at 1464.  But "the phrase 'contrary to law' indicates plenary review as to matters of law."  *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *see also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (3d ed. Apr. 2023 update) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review.").  Colorado Plaintiffs do not argue the district court improperly applied the "contrary to law" standard in deciding legal issues.  Thus, by determining whether the R&R was "contrary to law," the district court actually applied plenary review to the legal issues that form the basis for this appeal.  And as Colorado Plaintiffs acknowledge, *see* Aplt. Opening Br. at 28 n.2, we equate plenary and de novo review, *see City of Cambridge Ret. Sys. v. Ersek*, 921 F.3d 912, 917-18 (10th Cir. 2019).

### B.    The Anti-Injunction Act

Colorado Plaintiffs filed the Injunction Motion seeking an injunction under the All Writs Act, which grants federal courts authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a).  But the Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a

---

[4] One issue raised in this appeal was subject to the district court's discretion, but as we will explain, the record reflects that the court independently exercised its discretion and did not impermissibly defer to the magistrate judge's recommendation. We therefore conclude a remand is also not necessary on that issue.

State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, "the Anti-Injunction Act generally prohibits federal courts from enjoining state-court suits." *Tooele County v. United States*, 820 F.3d 1183, 1186 (10th Cir. 2016) (citation omitted); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324-25 (10th Cir. 1997) ("The Supreme Court has made clear that the statute imposes an absolute ban on federal injunctions against pending state court proceeding[s], in the absence of one of the recognized exceptions in the law.").

The district court held the Anti-Injunction Act barred the injunction Colorado Plaintiffs requested. They contend the court erred because (1) the Anti-Injunction Act does not apply to an injunction against Vail, or (2) an exception to the Anti-Injunction Act permits the relief they requested. We review these issues de novo. *See Tooele County*, 820 F.3d at 1187.

### 1.    Applicability of the Anti-Injunction Act

Colorado Plaintiffs first contend the Anti-Injunction Act does not apply to the specific injunction they sought because they "asked the District Court only to enjoin Vail from submitting to a state court a collusive reverse auction settlement designed to extinguish the federal Colorado Action, ***not*** to 'stay proceedings in a State court.'" Aplt. Opening Br. at 42 (quoting § 2283). They assert that, by its own terms, the Anti-Injunction Act is therefore inapplicable.

We are not persuaded. First, Colorado Plaintiffs' apparent assertion that, as a factual matter, "[a]n injunction against settlement does not 'stay proceedings,'" *id.* at

10

43, ignores that the California state-court action has been focused on submission, approval, and appeal of the Settlement. Second, they cite no authority for the proposition that the Anti-Injunction Act does not prohibit enjoining a party from proceeding in state court. In *Tooele County*, for example, we held the Anti-Injunction Act precluded the district court from enjoining parties from prosecuting a state-court action. *See* 820 F.3d at 1185 (describing order appealed as enjoining certain parties); *id.* at 1192 (holding "the district court erred by concluding that it could enjoin the state-court proceedings").

*Tooele County* is consistent with Supreme Court caselaw. In *Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964), the Court held that where a state court lacks power to restrain federal-court proceedings, it also may not restrain *parties* from proceeding in the federal court. In reference to the "rule that state courts are completely without power to restrain federal-court proceedings in in personam actions," the Court said, "it does not matter that the prohibition here was addressed to the parties rather than to the federal court itself." *Id.* (footnote omitted).[5] *Donovan* relied on *Peck v. Jenness*, 48 U.S. 612, 625 (1849). *See* 377 U.S. at 413 n.12. Like this case, *Peck* involved a federal court's power to enjoin a state court, *see* 48 U.S. at 624-25. And the Court noted in *Peck* that it had previously reversed a federal-court order enjoining a defendant from proceeding in state court because, under a precursor to the Anti-Injunction Act, the federal court was precluded from staying state-court

---

[5] We hold, *infra* at 18, that Colorado Plaintiffs fail to establish this action is in rem or quasi in rem, rather than in personam.

proceedings. *See id.* at 625; *see also Mitchum v. Foster*, 407 U.S. 225, 231-32 (1972) (tracing history of Anti-Injunction Act to version cited in *Peck*); 17A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4221 & n.5 (3d ed. Apr. 2023 update) (same).

Colorado Plaintiffs nonetheless argue the Anti-Injunction Act does not apply to an injunction enjoining Vail from consummating a state-court settlement because the All Writs Act authorizes a district court to enjoin a party before it from pursuing conflicting litigation in a state court. They rely on *Hillman v. Webley*, 115 F.3d 1461, 1469 (10th Cir. 1997), but *Hillman* is not controlling on this point. First, our statement that "[t]he district court undoubtedly had the authority under the All Writs Act to enjoin parties before it from pursuing conflicting litigation in the state court," *id.*, was dicta. The district court in *Hillman* "did not pursue that route," *id.*, and the only issue before this court was the propriety of the district court's so-called "removal" under the All Writs Act of an action from state court to federal court, *see id.* at 1468 & n.4. Second, *Hillman* did not discuss the Anti-Injunction Act as a limitation on the district court's authority under the All Writs Act to enjoin parties from litigating in state court.

We reject Colorado Plaintiffs' assertion that the Anti-Injunction Act does not apply to their Injunction Motion because they sought to enjoin Vail from consummating the settlement in state court rather than to enjoin the state court directly.

## 2.    Exceptions to the Anti-Injunction Act

There are three exceptions to the prohibition in the Anti-Injunction Act that "[a] court of the United States may not grant an injunction to stay proceedings in a State court":  (1) Congress "expressly authorized" an injunction, (2) an injunction is "necessary in aid of [the federal court's] jurisdiction," or (3) an injunction is issued "to protect or effectuate [the federal court's] judgments."  28 U.S.C. § 2283.  These exceptions are construed narrowly, and we will "resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue."  *Tooele County*, 820 F.3d at 1188.

Colorado Plaintiffs have taken inconsistent positions on which exceptions they believe apply to their Injunction Motion.  In that motion, they asserted that "at least two exceptions apply; the injunction is 'necessary in aid of jurisdiction' and 'to protect or effectuate' the Court's judgments."  Aplt. App., Vol. 2 at 418 (quoting § 2283).  They did not argue the first exception.  In their reply, Colorado Plaintiffs added an argument about the authorized-by-Congress exception.  The magistrate judge stated in the R&R:  "Plaintiffs assert that the second and third exceptions apply in the instant motion.  Plaintiffs do not argue that the first exception applies, thus this Court will not address it."  *Id.*, Vol. 5 at 1090 (citation omitted).  In their objections to the R&R, Colorado Plaintiffs pointed to their reply and argued only the first and second exceptions, dropping any reference to the third.

13

In reviewing the R&R, the district court noted:

At various points in their motion and reply, Plaintiffs contend that all three exceptions apply. [The magistrate judge's R&R] only addresses the second and third exceptions. But he did not have to discuss an argument raised only in the reply. Nor will I indulge Plaintiffs in a review of arguments not properly raised before [the magistrate judge].

*Id.* at 1189 (footnote and citations omitted). The court added:

I am growing concerned about Plaintiffs' counsel's trend of waiting to raise new arguments in reply briefs. . . . While I will not speculate as to whether these errors were intentional, I remind counsel that they have ethical obligations of candor to the court and general competency. Should such errors continue, I may have to take additional measures to ensure that Plaintiffs' counsel adhere to their ethical obligations.

*Id.* at 1189 n.1 (citation omitted). The district court then proceeded to review the R&R with regard to the second and third exceptions to the Anti-Injunction Act— those that Colorado Plaintiffs had raised in the Injunction Motion and that the R&R addressed.

On appeal, Colorado Plaintiffs argue the first and second exceptions apply.

### a.    Authorized-by-Congress Exception

Colorado Plaintiffs contend the district court erred in declining to address the authorized-by-Congress exception on the ground it was newly raised in their reply in support of the Injunction Motion.[6] They argue (1) they did not raise a new argument

---

[6] As we noted previously, *see supra* at 8 n.4, we conclude that the district court's R&R-review-standard error does not require a remand with respect to this issue. To the extent the district court exercised its discretion, *see United States v. Dominguez*, 998 F.3d 1094, 1116 (10th Cir. 2021) (holding a court has discretion whether to decline to consider new arguments raised in a reply), it is clear that the court did so based upon its independent judgment rather than simply deferring to the magistrate judge's decision not to consider Colorado Plaintiffs' argument regarding

(continued)

14

in their reply, (2) the district court otherwise abused its discretion, (3) Vail failed to seek leave to file a sur-reply, and (4) the Constitution required the district court to review all arguments raised in their objections to the R&R.

The district court concluded it would not address an issue Colorado Plaintiffs raised for the first time in their reply in support of the Injunction Motion, citing *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003).[7] Colorado Plaintiffs contend they did not raise a new argument in their reply because they were instead responding to a contention in Vail's opposition to the motion. *See id.* ("[W]e make an exception when the new issue argued in the reply brief is offered in response to an argument raised in the appellee's brief."); *Sadeghi v. INS*, 40 F.3d 1139, 1143 (10th Cir. 1994) ("[W]here appellee raises argument not addressed by appellant in opening brief, appellant may respond in reply brief.").

We are not persuaded. Colorado Plaintiffs assert that they argued the authorized-by-Congress exception in their reply "in response to Vail's argument that the district court was precluded from issuing an injunction by the [Anti-Injunction Act]." Aplt. Opening Br. at 47. But Colorado Plaintiffs addressed the applicability of exceptions to the Anti-Injunction Act in the Injunction Motion. In response, Vail cited the three exceptions, noted Colorado Plaintiffs' failure to contend that the

the authorized-by-Congress exception to the Anti-Injunction Act. Thus, the district court's review-standard error was not prejudicial to Colorado Plaintiffs on this issue.

[7] Colorado Plaintiffs do not challenge the district court's reliance on *Beaudry*. They argue only that the district court failed to apply an exception in *Beaudry* in this case. *See* Aplt. Opening Br. at 47.

authorized-by-Congress exception applied, and addressed the two exceptions Colorado Plaintiffs did argue in the motion. *See* Aplt. App., Vol. 4 at 862-63. In their reply, Colorado Plaintiffs argued for the first time that the removal statute, 28 U.S.C. § 1446(d), authorized an injunction against Vail under the authorized-by-Congress exception. But Vail had not raised any contention regarding the authorized-by-Congress exception that opened the door to this new argument. We see no abuse of discretion by the district court.

Colorado Plaintiffs contend the district court nonetheless abused its discretion in declining to address the authorized-by-Congress exception because it was mistaken about their "trend of waiting to raise new arguments in reply briefs." Aplt. App., Vol. 5 at 1189 n.1. They maintain the examples the court cited do not evidence such conduct. But contrary to their assertion, they did raise a new argument in their reply in support of their Injunction Motion. Moreover, the court's commentary about Colorado Plaintiffs' "trend" of raising new arguments in reply was directed to potential "additional measures" in the event it continued. *Id.* Again, we see no abuse of discretion.

Colorado Plaintiffs also appear to argue the district court abused its discretion by declining to address the new argument in their reply because Vail did not seek leave to file a sur-reply. They cite cases grounded in a previous version of Federal Rule of Civil Procedure 56(c) holding that district courts did not abuse their discretion by considering new material in a reply in support of a summary judgment motion when the nonmoving party did not seek leave to file a sur-reply. *See Pippin*

16

*v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191-92 (10th Cir. 2006) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998) (discussing the requirements of former Rule 56(c))).  These cases do not demonstrate that because Vail did not ask to file a sur-reply, the district court abused its discretion by declining to consider Colorado Plaintiffs' new argument in its reply in support of a motion for injunctive relief.

Finally, Colorado Plaintiffs contend the Constitution required the district court to address every contention in their objections to the R&R, including the merits of their argument that the removal statute authorized the injunction they sought, an issue the R&R did not address.  The cases they cite do not support this proposition.  "The Constitution requires that Article III judges exercise final decisionmaking authority." *Ocelet Oil Corp.*, 847 F.2d at 1463.  Consistent with that requirement, "Congress has provided that the magistrate's proposed findings and recommendations shall be subjected to a *de novo* determination by the judge who then exercises the ultimate authority to issue an appropriate order.  Moreover, the authority—and the responsibility—to make an informed, final determination remains with the judge." *United States v. Raddatz*, 447 U.S. 667, 681-82 (1980) (citation, brackets, ellipses, and internal quotation marks omitted).  But "in providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *Id.* at 676 (internal quotation marks omitted).

17

Here the magistrate judge did not address the authorized-by-Congress exception to the Anti-Injunction Act in the R&R, concluding Colorado Plaintiffs had not argued that exception applied.  They objected that, contrary to the R&R, they had argued that exception, pointing to their reply in support of the Injunction Motion. *See* Aplt. App., Vol. 5 at 1116 (citing R&R and reply).  Section 636(b)(1) required the district court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and permitted the court to "accept, reject, or modify, in whole or in part," the R&R.  The district court considered and rejected Colorado Plaintiffs' objection.  As we have noted, the court exercised its independent judgment in doing so.  Nothing in the statute or Article III required it to do more.

### b.      Necessary-in-Aid-of-Jurisdiction Exception

The R&R concluded that the necessary-in-aid-of-jurisdiction exception to the Anti-Injunction Act is narrowly construed and applies only when in rem or quasi in rem actions are pending in both state and federal courts.  And where that is the case, the first court to acquire jurisdiction or assume control over the property is entitled to maintain and exercise its jurisdiction to the exclusion of the other court.  Concluding Colorado Plaintiffs' case was in personam rather than in rem or quasi in rem, the R&R recommended rejecting their contention that this exception applied to the Injunction Motion.  Colorado Plaintiffs objected, asserting this action is in rem or quasi in rem because back wages are property.  *See* Aplt. App., Vol. 5 at 1119.

Reviewing that objection, the district court held they failed to cite, nor could it find, any case holding a claim for back wages is considered in rem or quasi in rem.

On appeal, Colorado Plaintiffs first contend the necessary-in-aid-of-jurisdiction exception is not limited to in rem or quasi in rem proceedings. But they did not raise this issue in their objections to the R&R. *See id.* They therefore waived appellate review of this argument. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) ("This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge." (brackets and internal quotation marks omitted)); *Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (holding specific appellate arguments not raised in objections to magistrate judge's recommendation are waived).[8]

Colorado Plaintiffs also argue, as they did in their objections, that this case is in rem or quasi in rem because unpaid wages are property. In an action in rem a court has already "reduced the res to its actual possession" or "it may later become necessary in order to effectuate the decree of the court[] to seize it." *Boynton v. Moffat Tunnel Improvement Dist.*, 57 F.2d 772, 778 (10th Cir. 1932) (noting the latter cases are referred to as quasi in rem). "[T]he rule is limited . . . to actions which deal

---

[8] We conclude that the interests of justice do not support an exception to our firm waiver rule in this case. *See Casanova*, 595 F.3d at 1123 (discussing the relevant factors); *Vega v. Suthers*, 195 F.3d 573, 580 (10th Cir. 1999) (stating the interests-of-justice exception applies to a counseled party "only in the rare circumstance in which a represented party did not receive a copy of the magistrate [judge's] R & R").

either actually or potentially with specific property or objects." *Id.* As the district court concluded, the cases Colorado Plaintiffs cite do not hold that a claim for back wages is considered in rem or quasi in rem. Consequently, they have not shown the court erred in concluding the necessary-in-aid-of-jurisdiction exception to the Anti-Injunction Act does not apply to the Injunction Motion.

### C.    First-to-File Rule

Colorado Plaintiffs also argue the district court erred by not enforcing the first-to-file rule, which "permits, but does not require, a federal district court to abstain from exercising its jurisdiction in deference to a first-filed case in a different federal district court," *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (internal quotation marks omitted). Relevant factors include, but are not limited to: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* (internal quotation marks omitted). The district court rejected Colorado Plaintiffs' objection that the magistrate judge had not applied the correct standard. But more importantly, the court noted that the first-to-file rule "is specific to federal district courts." Aplt. App., Vol. 5 at 1193; *see also id.* at 1088 (R&R stating "[t]he rule does not pertain to a case filed and proceeding in a state court"). The district court is correct. We made clear in *Wakaya* that the first-to-file rule applies "[w]hen two federal suits are pending." 910 F.3d at 1124; *id.* (noting we had "not yet established a comprehensive test governing abstention when both cases are in federal court"). Moreover, the first-to-file rule is a test for determining whether a federal court should *abstain* from

exercising jurisdiction, *id.*, not a basis for enjoining another court from doing so. The district court did not err in rejecting the first-to-file rule as not relevant to the relief sought in the Injunction Motion.

### D.    *Colorado River* Abstention

Colorado Plaintiffs assert that the district court improperly abstained from exercising jurisdiction in favor of the California state court contrary to the *Colorado River* abstention doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Addressing their objection, the district court concluded they misunderstood and misinterpreted the R&R, noting the magistrate judge "did not recommend abstention under *Colorado River*; he instead cited to *Colorado River* as a contradictory proposition to his explanation that the first-to-file [rule] does not pertain to a case filed and proceeding [in] state court." Aplt. App., Vol. 5 at 1192. Colorado Plaintiffs contend the district court still "effectively abstained" and therefore erred by not applying the *Colorado River* test. Aplt. Opening Br. at 62. We reject this assertion: in denying the Injunction Motion, the district court did not abstain—actually or effectively, properly or improperly—under *Colorado River*.[9]

---

[9] Colorado Plaintiffs contend that "a stay is as much a refusal to exercise federal jurisdiction as a dismissal." Aplt. Opening Br. at 61-62 (internal quotation marks omitted). Any stay entered by the district court in this case is not before us in this interlocutory appeal of the court's denial of the Injunction Motion.

## III.  Conclusion

We affirm the district court's order denying the Injunction Motion.