**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 27, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RANDY DEAN QUINT; JOHN LINN;
MARK MOLINA, individually and on
behalf of all others similarly situated,

    Plaintiffs - Appellants,

v.

VAIL RESORTS, INC., a Delaware
corporation,

    Defendant - Appellee.

No. 23-1404
(D.C. No. 1:20-CV-03569-DDD-NRN)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **McHUGH**, and **ROSSMAN**, Circuit Judges.

_____

In this employment wage and hour litigation, Plaintiffs-Appellants seek review of an order staying this action pending resolution of appeals in a related California state court case challenging a settlement agreement resolving claims that overlap, but are not coextensive, with the claims in this federal litigation. Because the relevant stay order has expired by its own terms, we dismiss this appeal as moot.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I.    BACKGROUND

Defendant-Appellee Vail Resorts, Inc. (together with its nonparty subsidiaries, "Vail") owns and operates dozens of ski resorts. From November 2019 to August 2021, some current and former Vail employees sued, or threatened to sue, Vail for violations of an array of state and federal labor laws on behalf of variously defined classes and Fair Labor Standards Act (FLSA) collectives.

Plaintiffs-Appellants here (the "Colorado Plaintiffs") were among these employees, filing suit in Colorado federal court in December 2020 and asserting claims for violations of state and federal employment laws on behalf of putative classes and an FLSA collective. By the time this action (the "Colorado litigation") was commenced, Vail had already engaged in mediation with a prospective plaintiff who raised California state law claims based on similar conduct to that underlying the Colorado litigation.[1]

While that mediation did not conclude with a settlement, the parties to it continued negotiating and even exchanged informal discovery during the subsequent months. Various groups of plaintiffs or prospective plaintiffs joined these negotiations, and a second mediation was held in June 2021. Again, the mediation did not yield a settlement, but the parties continued negotiating with the mediator's

---

[1] Before the Colorado litigation was initiated, Vail was sued by another former employee—bringing suit on behalf of a putative class—in California state court for violations of California labor law.

assistance, and on July 23, 2021, the parties reached an agreement in principle to resolve the state and federal labor law claims at issue (the "California settlement").

Shortly thereafter, Vail moved to stay the Colorado litigation "for 90 days to allow for the filing and consideration of the motion for preliminary approval" of the California settlement, agreeing to toll any limitations periods applicable in the Colorado litigation. App. Vol. I at 208. On October 8, 2021, the magistrate judge in the Colorado litigation granted Vail's requested ninety-day stay over the Colorado Plaintiffs' objection, and later extended the stay by sixty days.[2]

The district court in the Colorado litigation lifted the stay in March 2022, and on August 8, 2022, the Colorado Plaintiffs moved for class certification. Less than a month later, however, a California state district court—over an objection lodged by the Colorado Plaintiffs in that court—granted final approval of the California settlement in *Hamilton v. Vail Corp.*, Case No. SC20210148 (Cal. Super. Ct. Aug. 19, 2022) ("*Hamilton*"). After the *Hamilton* court further denied their motion to intervene, the Colorado Plaintiffs appealed that denial along with the final approval of the California settlement to the California Court of Appeals.

Shortly thereafter, Vail moved in the Colorado litigation for a stay pending resolution of the Colorado Plaintiffs' *Hamilton* appeals. In support, Vail argued that in light of the final settlement approval in *Hamilton*, a stay "will preserve resources,

---

[2] In November 2021, the Colorado Plaintiffs moved the district court here to enjoin Vail from consummating the California settlement; the district court denied the injunction, and after the Colorado Plaintiffs appealed, we affirmed. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 815 (10th Cir. 2023).

prevent inconsistent adjudications, and guard against unnecessary duplication of discovery." App. Vol. VI at 1351. Vail further argued the stay was necessary to prevent confusion among class members, because *Hamilton* class members had already received notice of the California settlement and the Colorado Plaintiffs were seeking to disseminate FLSA collective notices in the Colorado litigation. The Colorado Plaintiffs opposed the stay, arguing it would "effectively constitute[] an abstention" and thus could be entered only if the district court found "exceptional circumstances" sufficient to invoke the doctrine announced in *Colorado River Water District v. United States*, 424 U.S. 800 (1976); App. Vol. VII at 1565. In *Colorado River,* the Supreme Court held that a district court may, in narrow circumstances and for reasons of "wise judicial administration," relinquish jurisdiction over a federal suit "due to the presence of a concurrent state proceeding." 424 U.S. at 818.

The magistrate judge granted the stay, concluding that it would "not implicate the *Colorado River* doctrine" since it was "undisputed that, regardless of the outcome of [the *Hamilton* appeals], this case will proceed." ROA Vol. VII at 1627–28. This was the case because of the broader temporal scope of the Colorado litigation and the existence of 1,600 individuals who opted out of the California settlement. *Id.* The magistrate judge thus entered an order staying the case until "the final resolution of all appeals in the *Hamilton* case." *Id.* at 1630 (further ordering that "[w]ithin five (5) days of such final resolution, the parties shall file a Status Report with the Court").

The Colorado Plaintiffs timely objected to the magistrate judge's stay order, but the district court overruled those objections. In resolving their objections, the

4

district court similarly concluded that the *Colorado River* doctrine was not implicated, reasoning that while the stay "may delay any relief for the Plaintiffs, [] it does not forfeit or relinquish this Court's jurisdiction over them" because the court "will still have to resolve considerable, substantive parts of this case upon resolution of the *Hamilton* suit." *Id.* at 1686. "In fact," the district court reasoned, "if the *Hamilton* appeal succeeds, as Plaintiffs maintain[] it should, the claims before this court may be entirely unchanged when the stay is lifted." *Id.* The district court described the magistrate judge's order as having stayed the case "pending the result of an appeal in California state court," and did not purport to alter the scope or duration of the stay. *Id.* at 1684.

The Colorado Plaintiffs timely appealed the stay order, but during the pendency of this appeal, they succeeded in their *Hamilton* appeals, obtaining reversal of the denial of their intervention motion and vacatur of the order finally approving the California settlement. *See* ECF No. 37. Vail then petitioned the California Supreme Court for review of that reversal. *See* ECF No. 42 (Ex. A).

The instant appeal was submitted for resolution without oral argument on January 23, 2025. Two weeks later, the Colorado Plaintiffs submitted a letter pursuant to Federal Rule of Appellate Procedure 28(j), apprising this court that on January 22, 2025—the day before this appeal was slated for submission on the briefs—the California Supreme Court denied Vail's petition, and the case was formally remanded to the California trial court on January 29, 2025. *See* ECF No. 43.

Because the California Supreme Court's denial of Vail's petition spelled the resolution of the *Hamilton* appeals, we issued an order to show cause why this appeal should not be dismissed as moot given that the stay order appealed was effective only until "the final resolution of all appeals in the *Hamilton* case." App. Vol. VII at 1630; ECF Nos. 44, 46. While Vail agrees this appeal is moot, the Colorado Plaintiffs resist dismissal, asserting (1) that the resolution of the *Hamilton* appeals did not trigger the expiration of the stay order, and (2) that even if it did, this court should nevertheless resolve this appeal on the merits. *See* ECF Nos. 45, 47. For the below reasons, we conclude this appeal is moot and further that there exist no circumstances that could satisfy any exceptions to the mootness doctrine. We thus dismiss this appeal.

## II.    DISCUSSION

Under Article III of the United States Constitution, a party seeking judicial relief must "have 'suffered, or be threatened with, an actual injury traceable to the [appellee] and likely to be redressed by a favorable judicial decision [by the appeals court].'" *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007) (alterations in original) (quoting *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000)). "It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997)). Thus, "[w]here judicial relief will not remedy the appellant's injury, 'the appellant can no longer satisfy the Article III

6

case or controversy jurisdictional requirement and the appeal is moot.'" *Vera-Flores*, 496 F.3d at 1180 (quoting *Meyers*, 200 F.3d at 718).

The only relief sought in this appeal is dissolution of the stay order. But if that stay order has already expired, there is no relief this court could grant the Colorado Plaintiffs and the appeal is moot. Resisting dismissal, the Colorado Plaintiffs first urge that the stay order remains operative notwithstanding the occurrence of the event on which the stay's duration was expressly conditioned. The Colorado Plaintiffs further assert that even if the stay order has expired, the appeal is not moot because our merits resolution of the propriety of the instant stay order could operate to foreclose the district court's entry of any future, hypothetical stay order. Finally, the Colorado Plaintiffs argue that we may hear this moot appeal under two exceptions to the mootness doctrine: the exception for disputes that are capable of repetition yet evading review, and the voluntary cessation exception. We review and reject each contention below.

### A.    *The stay order has expired and any merits decision by this court would be an impermissible advisory opinion.*

The Colorado Plaintiffs' attempt to recast the express duration of the stay order must be rejected. By its plain terms, this litigation was stayed *only* until "the final resolution of all appeals in the *Hamilton* case." App. Vol. VII at 1630. The Colorado Plaintiffs do not dispute that the *Hamilton* appeals have in fact reached final resolution, but they claim that the stay remains operative until the *Hamilton* settlement reaches final judgment. For this proposition, the Colorado Plaintiffs point

to statements in Vail's stay motion that can arguably be read to have sought a stay that persists until the *Hamilton* litigation is fully and finally resolved. But Vail's requests—and any judicial summarizations thereof—cannot alter the plain terms of the stay order. The stay order challenged on appeal by the Colorado Plaintiffs expired of its own force when the *Hamilton* appeals became final.

But the Colorado Plaintiffs maintain that even if the stay order has expired, a merits resolution of this appeal could still grant them some effectual relief, reasoning that "if this Court reverses" the stay order on grounds that it contained legal error, "the District Court will be unable to stay [this] action again" in reliance on the same legal reasoning. ECF No. 45 (Appellants' Resp. to OSC) at 8.

"Under Article III," however, "federal courts do not adjudicate hypothetical or abstract disputes." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). In appellate proceedings, it is often true that "a favorable decision . . . might serve as a useful precedent for [the appellant] in a hypothetical [future appeal]." *Juvenile Male*, 564 U.S. at 937. "But this possible, indirect benefit in a future [appeal] cannot save this [appeal] from mootness." *Id.*; *see E.E.O.C. v. Joslin Dry Goods Co.*, 240 F. App'x 255, 258 (10th Cir. 2007) (unpublished)[3] (rejecting argument that a moot appeal could be resolved on the merits because the legal issue "may, at some point in the future, have an effect on the proceedings in the district court"). Dispensing with

---

[3] We cite unpublished cases for their persuasive value only and do not treat them as binding authority. *See United States v. Ellis*, 23 F.4th 1228, 1238 n.6 (10th Cir. 2022).

the Colorado Plaintiffs' argument relating to hypothetical future stay litigation in the district court, a merits resolution of this appeal could do nothing more than "tell the parties who was right" about the propriety of the now non-operative stay order without altering any real-world conditions. *Nathan M. ex rel. Amanda M. v. Harrison Sch. Dist. No. 2*, 942 F.3d 1034, 1046 (10th Cir. 2019). It would thus amount to an impermissible advisory opinion. *Id.*; *see Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) ("Article III has long been interpreted as forbidding federal courts from rendering advisory opinions.").

In short, the final resolution of the *Hamilton* appeals triggered the expiration of the stay order, in turn mooting this appeal.

B.    ***This appeal is not susceptible to any exceptions to the mootness doctrine.***

Finally, the Colorado Plaintiffs urge that this moot appeal falls under two exceptions to the mootness doctrine: the exception for disputes that are capable of repetition yet evading review, and the voluntary cessation exception. Neither exception is applicable here.

"The capable-of-repetition exception to the mootness doctrine . . . is a narrow one." *Jordan v. Sosa*, 654 F.3d 1012, 1034 (10th Cir. 2011) (internal quotation marks omitted). The exception applies only when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Id.* at 1035 (alterations in original) (quoting

9

*Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). The Colorado Plaintiffs bear the burden of establishing both elements of this test. *See id.*

The first prong will be met only when the nature of the challenged action "is *necessarily* of short duration," not when in certain circumstances the action's duration proved too short to accommodate judicial review. *Id.* at 1036. "For instance, disputes involving abortion evade review because the relatively short duration of human gestation does not allow such matters to be fully litigated before the end of the pregnancy." *Disability L. Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 997 (10th Cir. 2005). "In contrast, when a case presents an issue which does not have an *inherent* problem of limited duration, the case will not necessarily evade review in future litigation, and the exception to the mootness doctrine does not apply." *Id.* (emphasis added) (internal quotation marks omitted).

The Colorado Plaintiffs' invocation of this mootness exception fails at the duration prong. There exists no inherent durational limitation in stay orders generally, and certainly no such limitation in stay orders whose duration hinges on the occurrence of some collateral litigation event. Indeed, but for the California Supreme Court's prompt denial of Vail's petition for review, the instant stay order would very likely have persisted to enable our resolution of this appeal shortly after the case was submitted in January 2025.

Because the Colorado Plaintiffs have not shown that the type of action challenged is necessarily too short in duration to obtain appellate review thereof, they

10

have not met the capable of repetition yet evading review exception to the mootness doctrine.

Neither can the Colorado Plaintiffs meet the voluntary cessation exception to mootness, which exists to prevent *parties* from "moot[ing] a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Without the voluntary cessation exception, "a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Id.* To prevent this improper conduct, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Of course, the mootness problem in this appeal was not caused in any respect by Vail, so the voluntary cessation doctrine is not implicated in the first instance. While Vail urged the district court to enter the stay order, it has absolutely no power to unilaterally dissolve it. Nor is there any indication that Vail acted to trigger the expiration of the stay order it sought and obtained; to the contrary, Vail petitioned the California Supreme Court for review, which, if successful, would have only extended the stay's duration. The voluntary cessation exception to the mootness doctrine is thus inapplicable.

### III.    CONCLUSION

We DISMISS this appeal as moot.

Entered for the Court


Carolyn B. McHugh
Circuit Judge